UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------------------------------x
JOHN W. KAMMIN, individually,              )
                                           )
       Plaintiff,                          )
                                           )   Case No.:  07 CV 2665
       v.                                  )
                                           )   Judge Ronald A. Guzman
SMARTPROS, LTD., a Delaware corporation,   )
                                           )
       Defendant.                          )
------------------------------------------------------------x

**PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 8(a), 9(b) AND 12(f), AND TO DISMISS COUNTERCLAIMS PURSUANT TO RULES 9(b) AND 12(b)(6)**

       Plaintiff John Kammin ("Kammin"), by and through his attorneys, ASHMAN LAW OFFICES, LLC, respectfully moves this court for an order striking the Affirmative Defenses of SmartPros, Inc. ("Smart Pros'") pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(f), and dismissing SmartPros' Counterclaims pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). In support thereof, Plaintiff states as follows:

## I.
## INTRODUCTION

       1.     In filing its Affirmative Defenses and Counterclaims to Kammin's Complaint, SmartPros takes the kitchen sink approach, flinging a total of fourteen affirmative defenses and three counterclaims (two of which are highly duplicative) toward Kammin and seeing which will stick. Unfortunately for SmartPros, it has failed to satisfy the minimal pleading standards for all of its claims and defenses, and in particular, has fallen far below the level of particularity required to plead fraud under Federal Rule of Civil Procedure 9(b).

## II.
## ARGUMENT

A.   **Affirmative Defenses One and Two, and Five Through Fourteen, are Insufficient Under Rule 12(f) For Failure to Comply With Rule 8(a)**

2. Federal Rule of Civil Procedure 12(f) permits the striking of "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Because affirmative defenses are pleadings, they are subject to the same Rule 8 requirements as complaints. *Reis Robotics U.S.A., Inc. v. Concept Industries, Inc.*, 462 F. Supp. 2d 897, 904 (N.D. Ill. 2006). Therefore, all affirmative defenses must likewise present a "short and plain statement" of the foundation for the defense. Fed. R. Civ. P. 8(a). This means that the affirmative defense must allege, either directly or inferentially, all elements of the defense asserted. *Reis*, 462 F. Supp.2d at 904. Minimalist, conclusory allegations are insufficient. *Id.* at 905. The language of the affirmative defense must be sufficient to put the plaintiff on notice of the nature of the defense. *Fleet Bus. Credit Corp. v. National City Leasing Corp.*, 191 F.R.D. 568, 570 (N.D. Ill. 1999).

3. In SmartPros' First Affirmative Defense, SmartPros merely alleges that Kammin lacks standing without stating any of the facts upon which it bases the defense. (Aff.Def.¶ 1.) Under *Reis*, each affirmative defense must address its elements. 462 F. Supp. 2d at 904. There are three elements of standing: injury, causation between the alleged conduct and the injury, and a non-speculative prospect of obtaining relief for the injury. *Lujan v. Defenders of Wildlife*, 112 S. Ct. 2130, 2136 (1992). SmartPros does not allege that Kammin suffered no injury; that there is a lack of causation between SmartPros' conduct and the injury; or that Kammin lacks a non-speculative prospect of obtaining relief. Instead, SmartPros merely states, in full, that "Kammin lacks standing." For this reason, the Court should strike SmartPros affirmative defense.

4. In its Second Affirmative Defense, SmartPros alleges that Kammin authorized it to engage in the sale of the "Work." (Aff.Def.¶ 2.) This is merely, in so many words, a restatement of the denial of Paragraph 20 contained in the answer. (Answer to Complaint ¶ 20.) Specifically,

in Paragraph 20 of his Complaint, Kammin alleges that SmartPros engaged in unauthorized sales of the Work. SmartPros' affirmative statement in its Second Affirmative Defense, that Kammin "authorized the allegedly infringing activity," is nothing more than a restatement of its denial of Kammin's allegation. The court in *Reis* states that such an affirmative defense, constituting only a restatement of denials contained in a party's Answer to the Complaint, is improper. 452 F. Supp.2d at 906. As such, this Court should strike SmartPros Second Affirmative Defense.

       5.     SmartPros, in its Fifth Affirmative Defense, states that Kammin impliedly licensed it to distribute the "Work." (Aff.Def. ¶ 5.) SmartPros fails, however, to allege any facts whatsoever supporting a claim of an implied license. What actions did Kammin take from which a license was implied? SmartPros' Fifth Affirmative Defense is silent on this subject, as well as devoid of any other factual allegation. As stated above, the language of the affirmative defense must be sufficient to put the plaintiff on notice of the nature of the defense. *Fleet,* 191 F.R.D. at 570. SmartPros fails entirely to provide any allegations that puts Kammin on notice as to what conduct he engaged in supporting any claim of an implied license. Further, to the extent that SmartPros alleges that the "authorization" pled in the Second Affirmative Defense is implied – there is and will be no evidence of any express authorization – then the "implied license" theory of the Fifth Affirmative Defense is duplicative of the Second, which, in turn, as noted, is merely a restatement of the denial contained in Paragraph 20 of the Answer. Under any circumstance, this Court should strike SmartPros' Fifth Affirmative Defense.

       6.     As its Sixth Affirmative Defense, SmartPros alleges that Kammin "acquiesced" to its use of the "Work." *Id.* at ¶ 6. As an initial matter, this Defense is duplicative of SmartPros Fifth Affirmative Defense, that Kammin impliedly licensed the Work for use by SmartPros, there is no substantive difference between Kammin "acquiescing" to its use by SmartPros, and "impliedly licensing" its use to SmartPros. Further, it is duplicative of the Second

Affirmative Defense that Kammin "authorized" the sale of the Work, which once again is merely a restatement of its denial contained in Paragraph 20 of its Answer. These reasons alone should be adequate basis for striking SmartPros' Sixth Affirmative Defense as redundant under Fed. R. Civ. P. 12(f). Even if not stricken on that ground, SmartPros' Sixth Affirmative Defense remains similar to its Fifth Affirmative Defense in that it does not state any facts to support this statement, providing no account of the manner in which Kammin allegedly "acquiesced" to SmartPros' use of the Work. As such, this Court should strike SmartPros' Sixth Affirmative Defense as insufficient.

       7.     For its Seventh Affirmative Defense, SmartPros states that the First Amendment of the U.S. Constitution and "governing common law" protects its use of the "Work." *Id.* at ¶ 7. It does not, however, state the governing law to which it is referring or how or in what way the First Amendment applies to this defense. *Id.* Surely, SmartPros is not alleging that Kammin is or represents a governmental entity. Again, the Seventh Affirmative Defense is exactly the type of "bare bones conclusory allegations" rejected by the Court in *Reis*. 462 F. Supp.2d at 905. As stated in *Reis*, an affirmative defense "must include either direct or inferential allegations as to all the elements of the defense asserted." *Id.* at 904. SmartPros' Seventh Affirmative Defense fails to do so, instead merely claiming protection under the First Amendment and the broad and expansive body of case law identified only as "governing common law." SmartPros pleads no facts or elements in support of this claim, and therefore its Seventh Affirmative Defense should be stricken as insufficient.

       8.     SmartPros Eighth, Ninth, Tenth, and Eleventh Affirmative Defense match almost word for word the affirmative defenses stricken as insufficient in *Reis*. 462 F. Supp.2d at 907. In *Reis,* the Defendant pled, as a single affirmative defense, that Reis' claims were barred or limited by "laches, waiver, estoppel, unclean hands . . . ." In striking this defense, the *Reis* court stated that "[l]aches, waiver, estoppel, and unclean hands are equitable defenses that must be pled

with the specific elements required to establish the defense." *Id.* While SmartPros brings each of these claims as separate defenses, it alleges no more facts or elements than was alleged in the single affirmative defense stricken by the *Reis* court.

9. Specifically, the full text of SmartPros' Eight Affirmative Defense is "Kammin has unclean hands." The full text of SmartPros' Ninth Affirmative Defense is "[t]he Complaint is barred by the doctrine of laches." The full text of SmartPros' Tenth Affirmative Defense is "Kammin waived his claims." And finally, the full text of SmartPros' Eleventh Affirmative Defense is "Kammin is estopped from asserting his claims." Just as in *Reis*, SmartPros presents only a laundry list of equitable defenses with no supporting facts or elements of the claims, and just as occurred in *Reis*, SmartPros Eight, Ninth, Tenth, and Eleventh Affirmative Defenses must be stricken as insufficient.

10. In its Twelfth Affirmative Defense, SmartPros denies the existence of any signed transfer to Kammin that would support his copyright claim. Aff.Def. at ¶ 12. In order to even make sense of the Affirmative Defense, one must assume it is predicated on a denial of Kammin's allegation that the Work is an original work by Kammin, and that therefore Kammin would have to have a signed transfer in order to own copyright in the Work. As such, this affirmative defense is at best incomplete, and at worst insufficient on its face. It is incomplete, and conclusory, in that it requires leaps of logic and inference that should be spelled out in the affirmative defense if properly pled. It is insufficient in that, even if one makes those afore-mentioned leaps and inferences, all that is left is the restatement of SmartPros' denial of Kammin's allegation that he is the owner of the copyright in the Work. Such a restatement of a denial contained in a party's answer is improper when pled as an affirmative defense, and as such, SmartPros Twelfth Affirmative Defense should be stricken.

11. In SmartPros' Thirteenth Affirmative Defense, it claims that its conduct was fair use. (Aff.Def.¶ 13.) SmartPros does not mention its usages of the "Work," why such uses would be considered fair, or even the relevant statute (17 U.S.C. § 107). This again is an example of an affirmative defense that fails to state the facts or elements required to make out a claim, and fails to put the plaintiff on adequate notice of the nature of the defense. As such, SmartPros' Thirteenth Affirmative Defense should be stricken as insufficient.

12. In its Fourteenth (and final) Affirmative Defense, SmartPros purports that Kammin's New York Civil Rights claim is barred by the statute of limitations. *Id.* at ¶ 14. However, the defense does not mention what the statute of limitations is, or any dates that would be applicable to it. *Id.* Again, SmartPros seeks to interpose bare conclusions in the place of the required pleading of facts and elements of its defense. As such, SmartPros Fourteenth Affirmative Defense should be stricken.

**B.  SmartPros' Second and Third Affirmative Defenses Fail to Meet the Strict Pleading Requirements of Fed. R. Civ. P. 9(b)**

13. As stated above, Federal Rule of Civil Procedure 12(f) allows the striking of "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Further, because affirmative defenses are pleadings and therefore subject to Rule 8(a), affirmative defenses that sound in fraud are subject to Rule 9(b). *Reis*, 462 F. Supp.2d at 904, 906. Rule 9(b) states that the circumstances which form the basis for such claims must be pled with particularity. Fed. R. Civ. P. 9(b). Generally, to satisfy the particularity requirement of Rule 9(b), a party must outline, "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated." *Schiffells v. Kemper Fin. Servs. Inc.*, 978 F.2d 344, 352 (7th Cir. 1992).

14. Those alleging fraud on the copyright office, must, at a minimum, "allege that the copyright applicant knowingly failed to disclose certain information to the Copyright Office with the intent to defraud the Copyright Office and that the Copyright Office would have probably denied the copyright application if it had been made aware of the undisclosed information." *O.T. Pickell Builders, Inc. v. Witowski*, 1998 WL 664949 at *5 (N.D.Ill., Sep. 16, 1998). It is also "required that a party alleging fraud on the Copyright Office show that it was prejudiced by the alleged fraud." *Id.* at *6.

15. In its Third Affirmative Defense alleging fraud on the United States Copyright Office, SmartPros fails to include any allegation – much less a particularized one – that Kammin knowingly failed to disclose material information to the Copyright Office or that, even if he did, that he possessed the requisite scienter. All SmartPros does is state that it provided some services in connection with the Work and that Kammin represented that to the Copyright Office that he owned it. These concepts are not mutually exclusive (indeed, under the "work for hire" doctrine the scenario is common, for example), and SmartPros' failure to plead a connection between these facts, *i.e*, that Kammin knew he did not own the copyright, with particularized facts demonstrating how and why he possessed such knowledge is fatal to the defense. Moreover, SmartPros fails to make any allegation that it was prejudiced by Kammin's purported fraud. (Aff.Def.¶ 3.) SmartPros has to date received the revenue from its (wrongful) distribution of the work, regardless of Kammin owning the copyright. For these reasons, the Court should strike SmartPros' Third Affirmative Defense as insufficient.

16. SmartPros' Fourth Affirmative Defense, alleging fraud on the United States Copyright Office, for stating that the Work was not previously published, is similarly defective. In this case, SmartPros has failed to allege any of the required elements of fraud on the Copyright Office. SmartPros does not allege in its Fourth Affirmative Defense that Kammin had any intent to

defraud the Copyright Office. SmartPros further failed to allege that the Copyright Office would have probably denied the copyright if it had been aware of the undisclosed information. Finally, SmartPros again fails to allege that it has been prejudiced in any way by Kammin's alleged fraud. As such, SmartPros has failed to even plead the elements of fraud upon the Copyright Office, much less plead them with the particularity required by Rule 9(b), and its Fourth Affirmative Defense should be stricken.

**C.    Counts I and II of SmartPros Counterclaims Fail to Satisfy the Strict Pleading Requirements of Fed. R. Civ. P. 9(b), and, in any Event, are Impermissibly Redundant Under Fed. R. Civ. P. 12(f), and Count I Fails to State a Claim Under Fed. R. Civ. P. 12(b)(6)**

17.   As stated above, Rule 12(f) permits the striking "redundant" matter. Counts I and II of SmartPros Counterclaim fall under the redundancy portion of this rule. Curiously, both Count I and II request this Court to enter a declaratory judgment of non-infringement in favor of SmartPros. Both claims are also premised on the concept that SmartPros is the true owner of the Work, not Kammin, and that Kammin has no legitimate rights in the Work. It is difficult to see what relief SmartPros wishes to see granted pursuant to Count II that it has not asked for pursuant to Count I, or *vice versa*. As such, the Counts are redundant and duplicative, and should be stricken as such.

18.   Even if not stricken as redundant, Counts I and II should be dismissed under Rule 9(b), as they both sound in and are predicated on a purported fraud. Yet, the entirety of SmartPros' fraud allegation is contained in a single paragraph of its Counterclaim: Paragraph 20. Neither a cursory nor fine read of the paragraph can discern any facts – much less particularized ones – that could constitute fraud. The sum and substance of the paragraph, and, by extension, the Counterclaims as a whole, is that Plaintiff used a Short Form TX application to register his copyright. Earlier allegations reveal that SmartPros contributed to creation of the Work, which

SmartPros acknowledges consisted of "answers provided by Kammin" as part of his "retirement" from his life as an identity thief and new life as a lecturer on the topic. Where are the particularized allegations that meet the criteria for establishing fraud on the Copyright Office, that the Copyright Office would have probably denied the application, that SmartPros has been prejudiced, or that Plaintiff knowingly withheld material information with the intent and design to commit fraud? As such, Count I and II of the Counterclaims should be dismissed.

19.  Count I suffers from the additional defect in that it fails to distinguish between ownership of a copyright and its registration. While registration is a requirement to instituting suit (17 USC § 411), the failure to register – or register properly – does not affect ownership rights. See *Haan Crafts Corp. v. Craft Masters, Inc.*, 683 F.Supp.1234, 1242 (N.D.Ind. 1988) ("copyright can be valid even if it is not registered . . . .") Thus, under Rule 12(b)(6), Count I should be dismissed because even if the registration of Kammin's copyright were "canceled" – the relief SmartPros seeks – the ownership of the copyright would remain unaffected. Kammin would merely need to re-register and institute suit thereafter (or file an amended pleading here). Thus, Count I fails for this additional reason as well.

**D.    Count III of SmartPros' Counterclaims, for Tortious Interference with Prospective Economic Advantage, Should be Dismissed Pursuant to Federal Rule 12(b)(6)**

20.  Count III of SmartPros' Counterclaim fails to state a claim for which relief can be granted under Rule 12(b)(6). Under Illinois law, "[i]n order to successfully plead an action for interference with prospective economic advantage one must plead: (1) the existence of a valid business relationship or expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy

has been disrupted." *Galinski v. Kessler*, 480 N.E.2d 1176, 1180 (1st Dist. 1985) (internal citations omitted).

21.     Further, tortious interference "requires action by the defendant towards a third party which results in such interference." *Id.* In *Galinski*, the Court specifically ruled that the action taken by a defendant accused of tortious interference with a prospective economic advantage must be toward some third party, not the plaintiff in the case. The same holding applies under New York law: "The tort of intentional interference with prospective economic advantage, requires a showing that through the intentional and wrongful acts of defendant, identified third parties were prevented from entering into a business relationship with plaintiff." *Levy v. P & R Dental Strategies, Inc.*, 302 A.D.2d 255, 756 N.Y.S.2d 3 (1st Dept. 2003).

22.     Here, SmartPros alleges that Kammin interfered with its prospective advantage by "demanding that SmartPros cease sales activity." (Counterclaim at ¶ 35). Clearly, under Illinois law, such a demand directed toward Plaintiff is insufficient to establish tortious interference with prospective economic advantage. Under New York law, unless the claimant *identified* third parties that have been prevented from entering into a business relationship with plaintiff, a claim cannot be maintained. SmartPros identifies no third parties who were prevented from entering into a relationship with it, beyond the amorphous term "customers," a group so broad and undefined that it cannot be said to be identified. Further, SmartPros was not prevented from entering into a business relationship with said "customers." If it truly believed, as it states in its Counterclaim, that its activities were not infringing it could have (and indeed, did, as evidenced by the purchase of a copy of the Work by a private investigator hired by Kammin after he made demands that SmartPros cease and desist selling the work) continue to make the Work available. As such, SmartPros has failed to state a claim under Count III of its Counterclaim even when analyzed under New York law.

## III.
## CONCLUSION

**WHEREFORE**, for all of the above-stated reasons, Kammin respectfully requests that this Court issue an Order striking SmartPros' Affirmative Defenses in their entirety, dismissing SmartPros Counterclaim in its entirety, and providing such other and further relief as this Court may deem just and proper.

Dated: Chicago, Illinois
      August 2, 2007                          JOHN KAMMIN,

Kenneth J. Ashman
Neal D. Kitterlin
ASHMAN LAW OFFICES, LLC           By:      /s/ Kenneth J. Ashman
55 West Monroe Street, Suite 2650              One of his Attorneys
Chicago, Illinois 60603
(312) 596-1700 (ph)