# GROUP EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

-----------------------------------------------------------------x
JOHN W. KAMMIN, individually,                )
                                             )
            Plaintiff,                       )
                                             )   Case No.:  07 CV 2665
        v.                                   )
                                             )
SMARTPROS, LTD., a Delaware corporation,     )
                                             )
            Defendant.                       )
-----------------------------------------------------------------x

### PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)

Plaintiff John W. Kammin, by and through his undersigned attorneys, ASHMAN LAW OFFICES, LLC, hereby provides the following disclosures pursuant to Fed. R. Civ. P. 26(a)(1) based on information currently available:

A.  The following individuals are likely to have discoverable information that Plaintiff may use in support of his claims of copyright infringement, breach of contract, unjust enrichment, violation of New York civil rights law, unfair business practices and tortious interference with a prospective economic advantage:

> **John W. Kammin**
> Contact through counsel.
>
> Mr. Kammin has knowledge of the making of the copyrighted work at issue in this case (the "Work"), negotiations with Defendant for licensing of the Work, the registration of the Work, demands to cease copying and distribution of the Work, and the unauthorized copying and distribution of the Work by Defendant.
>
> **David M. Murphy**
> 364 Parsippany Road, Suite 10-B
> Parsippany, New Jersey 07054
> (973) 503-0200
> Mr. Murphy was a private investigator hired by Mr. Kammin to determine whether Defendant was engaging in unauthorized distribution of the Work. Mr. Murphy may have knowledge of the unauthorized distribution of the

Work by Defendant by virtue of the sale of the Work on Defendant's web site.

**Gary D. Zeune**
10356 Wellington Boulevard, Suite D
Powell, Ohio 43065-7669

Mr. Zeune is Mr. Kammin's former agent. He may have knowledge of the circumstances surrounding the beginning of Mr. Kammin's relationship with Defendant, the making of the Work, and negotiations between Mr. Kammin and Defendant for licensing of the Work

**Jeffrey L. Jacobs**
Employee of Defendant

Mr. Jacobs may have general knowledge of the relationship between Mr. Kammin and Defendant, the making of the Work, the negotiations between Mr. Kammin and Defendant for licensing of the Work, the registration of the Work, Mr. Kammin's demands to cease copying and distribution of the Work, and the unauthorized copying and distribution of the Work by Defendant.

**Jack Fingerhut**
President of SmartPros Ltd.

Mr. Fingerhut may have general knowledge of the relationship between Mr. Kammin and Defendant, the making of the Work, the negotiations between Mr. Kammin and Defendant for licensing of the Work, the registration of the Work, Mr. Kammin's demands to cease copying and distribution of the Work, and the unauthorized copying and distribution of the Work by Defendant.

Further, Plaintiff is in the process of identifying additional parties with knowledge relevant to this matter, and will seasonably supplement this disclosure as required.

B.  Plaintiff identifies the following documents or categories of documents that may be used to support claims of copyright infringement, breach of contract, unjust enrichment, violation of New York civil rights law, unfair business practices and tortious interference with a prospective economic advantage:

1.  Correspondence between Mr. Kammin or his counsel and Defendants relating to the Work, negotiations for licensing the Work, registration of the Work, demands to cease copying and distribution of the Work, and the unauthorized copying and distribution of the Work.

      2.      Video reproduction of the Work.

      3.      Registration of the Work with the U.S. Copyright Office.

      4.      Proposed licensing agreements for the Work.

      5.      Documentation of sale of the Work both before and after registration by Plaintiff.

      6.      Documents in Defendant's possession of which Plaintiff is not currently aware that may prove supportive of Plaintiff's claims.

Plaintiff expressly retains the right to supplement this disclosure as additional documents become available through discovery or other means.

    C.    Plaintiff makes separate and distinct claims in each count of the complaint and requests damages in the amount prescribed by relevant law. Plaintiff requests that the court award (i) damages for willful infringement of copyright pursuant to 17 U.S.C. §504(c) in the amount of $150,000 per infringement in addition to attorney's fees and costs, with the occurrence and nature of each infringement to be determined at trial; (ii) damages for breach of contract in an amount to be determined at trial; (iii) damages equal to the profit realized by SmartPros through their unauthorized sale of Plaintiff's protected work; (iv) exemplary damages for violations of §§50-51 of New York Civil Rights Law; (v) punitive damages, attorney's fees and costs in an amount to be determined at trial for Defendant's misappropriation of a potential commercial advantage; and (vi) damages for tortious interference with a prospective economic advantage in an amount to be determined at trial.

Plaintiff reserves the right to assert additional claims or request actual damages in lieu of or in addition to statutory, punitive or exemplary damages as full accounting of completed sales is made by Defendant and more complete discovery is obtained.

    D.    Insurance: Plaintiff is not presently in the possession of any insurance that will be able to satisfy all or part or all of any judgment entered against him based on Defendants' counterclaims.

*     *     *

The representations made above are based on Plaintiff's initial investigation of this matter to date. Plaintiff's investigation of facts is on-going, and Plaintiff will supplement these disclosures in accordance with Fed. R. Civ. P 26(e) as facts become available to him during the course of his investigation.

Dated: Chicago, Illinois
       July 20, 2007

JOHN W. KAMMIN,

By: /s/ _____
    One of His Attorneys

Kenneth J. Ashman
Neal D. Kitterlin
ASHMAN LAW OFFICES, LLC
55 West Monroe Street, Suite 2650
Chicago, Illinois 60603
(312) 596-1700

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN W. KAMMIN, individually, ) | |
| ) | |
| Plaintiff / Counterdefendant, ) | |
| ) | |
| v. ) | Case No. 07 CV 2665 |
| ) | |
| SMARTPROS, LTD., a Delaware corporation, ) | |
| ) | |
| Defendant / Counterplaintiff. ) | |

**DEFENDANT-COUNTERPLAINTIFF'S INITIAL
DISCLOSURES PURSUANT TO RULE 26(a)(1)**

Based on information presently available to it as of this date, defendant-counterplaintiff, SmartPros, Ltd. ("SmartPros"), submits the following initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). SmartPros reserves the right to supplement, alter, or amend the information provided in these disclosures as it obtains additional information during discovery.

By making the following disclosures, SmartPros does not waive any right to object to the production of any document, tangible thing, information, or witness disclosed herein or elsewhere on the basis of privilege, work product protection, relevancy, undue burden, or any other valid objection that may be raised in response to a discovery request or at the time of any hearing, trial, or other proceeding. All of the disclosures set forth below are made subject to the above qualifications.

A. The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in pleadings, identifying the subjects of the information.

**RESPONSE:** SmartPros identifies the following individuals as being among those likely to have discoverable information relevant to the facts alleged in the pleadings:

*John W. Kammin*, 520 West 43rd Street, Apartment 31K, New York, NY 10036

(917) 319-2124. Mr. Kammin is likely to have information relating to the subjects identified in his complaint, including the circumstances relating to his participating in an interview with SmartPros and the discussions regarding the recording, marketing and sales of the interview or portions thereof. He is also likely to have information concerning his efforts to obtain a copyright registration in certain material recorded by SmartPros and discussions and communications he had with SmartPros concerning certain course material offered by SmartPros.

*Gary Zeune*, 10356 Wellington, Boulevard, Suite D, Powell, Ohio 43065. Mr. Zeune is likely to haven information about serving as an agent for Mr. Kammin and introducing and booking Mr. Kammin to appear in a recorded video for SmartPros.

*David Murphy*, [address and telephone unknown]. Mr. Murphy is likely to have information about his efforts to place an order on or about January 19, 2007 via the Internet for a SmartPros product known as "Preventing Identity Theft – The Thief's Perspective."

*Roger N. Schumann*, 433 East 56th Street, New York, New York, 10022, (718) 243-2444. Mr. Schumann, an attorney for Mr. Kammin, is likely to have knowledge of the information contained in his letter of February 1, 2007 to Mr. Fingerhut of SmartPros.

*Jeffrey L. Jacobs*, resides in Westport, Connecticut and is employed by SmartPros located in Hawthorne, New York. He may be reached through counsel. Mr. Jacobs is likely to have information relating to the interview he conducted with Mr. Kammin in 2005 and the segment he produced from that interview in 2005.

*Allen S. Greene*, resides in Short Hills, New Jersey and is employed by SmartPros located in Hawthorne, New York. He may be reached through counsel. Mr. Greene is likely to have information relating to the business of SmartPros, the revenue and profits generated by sales of products in which Mr. Kammin claims a right of ownership, and communications with Mr. Kammin regarding same.

*Jack Fingerhut*, resides in Franklin Lakes, New Jersey and is employed at SmartPros located Hawthorne, New York. He may be reached through counsel. Mr. Fingerhut is likely to have information relating to the business of SmartPros, the revenue and profits generated by sales of products in which Mr. Kammin claims a right of ownership, and communications with Mr. Kammin regarding same.

*Bruce Connors*, resides in Cortlandt Manor, New York and is employed by SmartPros located in Hawthorne, New York. He may be reached through counsel. Mr. Connors is likely to have information regarding the interview with Mr. Kammin that Mr. Connors recorded in 2005.

*Karen Stolzar*, resides in Rye Brook, New York and is employed at SmartPros located in Hawthorne, New York. She may be reached through counsel. Ms. Stolzar is likely to have information regarding the handling of customer inquiries looking for the Kammin

segment once it had been removed, as well as assisting in removing the segment from the FMN online offerings.

***Kolby Slocum***, resides in Hopewell Junction, New York and is employed at SmartPros located in Hawthorne, New York. She may be reached through counsel. Ms. Slocum is likely to have information regarding the removal of the Kammin segment from the FMN and APR online offerings.

***Joseph Fish***, resides in Hawthorne, New York and is employed at SmartPros located in Hawthorne, New York. He may be reached through counsel. Mr. Fish is likely to have information relating to the removal of the Kammin segment from the FMN and APR online offerings.

***Greg Sumner*** resides in Woodenville, Washington and is employed at SmartPros located in Hawthorne, New York. He may be reached through counsel. Mr. Sumner is likely to have information relating to the removal of the Kammin segment from the FMN and APR online offerings.

Unidentified persons from Ernst & Young in New York, New York present on the day of the Kammin interview are likely to have information about the interview conducted by SmartPros of Mr. Kammin.

B.  A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

**RESPONSE:** Documents relating to the creation, production, editing, marketing and sale of a SmartPros course entitled "Preventing Identity Theft – The Thief's Perspective" are located at SmartPros in Hawthorne, New York. Documents relating to communications between SmartPros and Kammin are located at SmartPros, with SmartPros counsel and/or with Mr. Kammin.

C.  A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**RESPONSE:** In its counterclaim, SmartPros seeks declaratory relief, damages, costs and attorney's fees. At this time, SmartPros has not calculated its monetary damages arising from Kammin's tortious interference with SmartPros' prospective economic advantage. An exact computation of SmartPros' monetary damages is not possible at the date of this disclosure.

D.  For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:** SmartPros attaches hereto a copy of Executive Risk Indemnity Inc. Policy No. 6804-6798 and any other policy that may be implicated.

July 20, 2007

Respectfully Submitted,

**SMARTPROS, LTD.**

By: *[signature]*
One of its attorneys

Steven P. Mandell (ARDC *#6183729*)
Steven L. Baron *(ARDC #6200868)*
Keith E. Allen *(ARDC #6271854)*
John D. Fitzpatrick *(ARDC #6277475)*
MANDELL MENKES LLC
333 West Wacker Dr., Ste. 300
Chicago, Illinois  60606
Tel:  (312) 251-1000

4