UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN W. KAMMIN, individually, | ) | |
| | ) | |
| Plaintiff / Counterdefendant, | ) | |
| | ) | |
| v. | ) | Case No. 07 CV 2665 |
| | ) | |
| SMARTPROS, LTD., a Delaware corporation, | ) | Judge Ronald Guzman |
| | ) | |
| Defendant / Counterplaintiff. | ) | Magistrate Judge Brown |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO
STRIKE EVERY AFFIRMATIVE DEFENSE PLED AND
PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIM**

**INTRODUCTION**

In response to John Kammin's ("Kammin") complaint, SmartPros, Ltd. ("SmartPros") asserted fourteen affirmative defenses and pleaded a counterclaim alleging three distinct causes of action. Kammin indiscriminately insists that *every* claim and defense alleged by SmartPros is deficient under the Federal notice pleading standard.

As to the motion to dismiss, SmartPros has adequately pleaded three independent causes of action. Although Counts I and II both seek declaratory relief related to Kammin's copyright, the first count seeks a declaration of invalidity and the second seeks a declaration of non-infringement. Count III adequately sets forth the elements of tortious interference with economic advantage.

The motion to strike affirmative defenses is even more flawed because the Court need not reach the merits of it since Kammin failed to file within the twenty day deadline prescribed in Federal Rule of Civil Procedure 12(f). Even if deemed timely filed, the

motion consists mainly of unfounded charges that twelve of the fourteen affirmative defenses are duplicative of denials made in SmartPros' Answer and/or too skeletal.

Accordingly, both motions are not well-founded and should be denied.

## ARGUMENT

I.   **STANDARD OF REVIEW**

    A.   **Kammin's Motion to Dismiss SmartPros' Counterclaim**

A motion to dismiss tests the sufficiency of the claims made rather than the underlying merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Kammin's motion to dismiss SmartPros' Counterclaim should be denied unless "it appears **beyond a doubt** that the [claimant] can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Chaney v. Suburban Bus. Div.*, 52 F.3d 623, 627 (7th Cir. 1995) (quoting Fed. R. Civ. P. 12(b)(6)) (emphasis added). If, as here, ". . . it is possible to hypothesize facts, consistent with the complaint, that would make out a claim", the counterclaim should not be dismissed. *See Graehling v. Vill. of Lombard,* 58 F.3d 295, 297 (7th Cir. 1995).

> Under the liberal notice pleading standard established by Fed. R. Civ. P. 8:
>
> [C]omplaints need not contain elaborate factual recitations. They are supposed to be succinct.... Any need to plead facts that, if true, establish each element of a "cause of action" was abolished by the Rules of Civil Procedure in 1938, which to signify the radical change from code pleading also replaced "cause of action" with "claim for relief." One pleads a "claim for relief" by briefly describing the events. At this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.

*Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). Thus, SmartPros may plead conclusions, so long as they are sufficient to impart the gravamen of the claims alleged. *See Jackson v. Marion County,* 66 F.3d 151, 153-54 (7th

2

Cir.1995) (expressing puzzlement with lawyers who insist on filing prolix complaints when they are not required under the Federal Rules and stating, "if some of our opinions say (and some do) that a suit must be dismissed for failure to allege facts, usually on careful scrutiny it is apparent that the real grounds for the dismissal are different. . .")[1]

    **B.    Kammin's Fed. R. Civ. P. 12(f) Motion to Strike SmartPros' Affirmative Defenses**

"Courts have consistently disfavored motions to strike affirmative defenses." *Williams v. Jader Fuel Co., Inc.*, 944 F. 2d 1388, 1400 (7th Cir. 1991). Generally pleaded defenses are legally sufficient and "invulnerable" to a motion to strike as long as fair notice of the nature of the defense is provided. *Codest Eng'g v. Hyatt Int'l Corp.*, 954 F. Supp. 1224, 1228 (N.D. Ill. 1996). "Generally, such motions will only be granted if the affirmative defenses are 'patently defective and could not succeed under any circumstances.'" *Venta (bvba) v. Top Disposal II, Inc.*, No. 00 C 3172, 2001 WL 111235, *1 (N.D. Ill. Feb. 8, 2001); see also *Van Schouwen v. Connaught Corp.*, 782 F. Supp. 1240, 1245 (N.D. Ill. 1991) ("motions to strike can be nothing other than distractions").

**II.    SMARTPROS SUFFICIENTLY ALLEGED THREE CAUSES OF ACTION AGAINST KAMMIN IN ITS COUNTERCLAIM**

SmartPros alleges the following three counts in its Counterclaim: (a) Count I, seeking entry of a declaratory judgment that Kammin's copyright registration is invalid pursuant to 28 U.S.C. §2201; (b) Count II, seeking entry of a declaratory judgment that SmartPros did not infringe Kammin's alleged copyright; and (c) Count III, for Kammin's tortious interference with SmartPros' prospective economic advantage. Kammin ascribes

---

[1] Plaintiff's motion does not cite any Seventh Circuit cases in which a claim was dismissed on a Rule 12(b)(6) motion.

the following defects: redundancy, pursuant to Rule 12(f)[2]; failure to plead fraud with the specificity required by Rule 9(b)[3]; failure to plead a claim on which relief can be granted under Rule 12(b)(6)[4]; and, again, failure to failure to plead a claim on which relief can be granted under Rule 12(b)(6)[5]. None of these claimed defects are meritorious.

### A. Counts I and II of SmartPros' Counterclaim Seek the Entry of a Declaratory Judgment Finding Non-Infringement of Kammin's "Copyright" for Distinguishable Reasons

Although Kammin accurately summarizes that Counts I and II of SmartPros' Counterclaim both generally request the Court to ". . . enter a declaratory judgment of non-infringement in favor of SmartPros", these counts are not "redundant" at the pleadings stage. (See P.'s motion, p. 8.) SmartPros would receive duplicative relief (a declaratory judgment that SmartPros did not infringe Kammin's supposed copyright) if judgment was entered on both counts but that potential outcome does not justify striking either. Parties are entitled to plead in the alternative under Rule 8(e), even if the pleadings are inconsistent. *Alper v. Altheimer & Gray*, 257 F.3d 680, 687 (7th Cir. 2001); citing 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1283 (2d ed.1990, Supp. 2001); *Pickrel v. City of Springfield, Ill.*, 45 F.3d 1115, 1119 (7th Cir. 1995) (plaintiff in §1983 action permitted to plead that actions of a police officer were simultaneously taken both in his private capacity and under the color of state law because "internal consistency of claims is just not required").

---

[2] As to Counts I and II, see Plaintiff's motion to dismiss, p. 8.
[3] As to Count I and II, see Plaintiff's motion to dismiss, p. 8-9.
[4] As to Count I because it "fails to distinguish between ownership of a copyright and its registration." See Plaintiff's motion to dismiss, p. 9.
[5] As to Count III because SmartPros ". . . identifies no third parties who were prevented from entering into a relationship with it, beyond the amorphous term 'customers,' a group so broad and undefined that it cannot be said to be identified." See Plaintiff's motion to dismiss, p. 10.

Of course, no inconsistency is present in SmartPros' Counterclaim. The declaratory judgments SmartPros seeks in Count I and Count II are simply separate means of resolving this controversy. Kammin's argument appears to confuse the doctrine of election of remedies[6] with redundancy in pleading under Rule 8(b). "[T]he doctrine of election of remedies is not affected by the federal rules of procedure. In that aspect the doctrine is a part of the law of remedies rather than of procedural law. It seeks to prevent double recovery." *Olympia Hotels Corp. v. Johnson Wax Dev. Corp.*, 908 F.2d 1363, 1371 (7th Cir. 1990). There is no Rule 12(f) basis for striking Count I or Count II for redundancy, even if Kammin's motion was timely filed.

### B. Counts I and II of SmartPros' Counterclaim Both Allege Legally Sufficient Claims for Relief

Kammin also argues incorrectly that because "a copyright can be valid even if it is not registered", Count I should be dismissed. (See P.'s motion, p. 9.) In some cases, legal protection for copyrighted work is not contingent on copyright registration is correct.[7] For example, Kammin cites *Haan Crafts Corp. v. Craft Masters, Inc.*, 683 F. Supp. 1234, 1242 (N.D. Ind. 1988), a case in which the court noted that a copyright may be valid without registration ". . . if certain requirements are met" before explaining that a

---

[6] Although SmartPros is not presently seeking monetary relief pursuant to 28 U.S.C. §2202 (providing that "further necessary or proper relief may be granted . . . against any adverse party whose rights have been determined by such judgment") it may elect to do if the judgment sought in Count I or II is entered. See *Edwin B. Marks Music Corp. v. Charles K. Harris Music Publishing Co.*, 255 F.2d 518, 522 (2d Cir. 1958). SmartPros would not be entitled to a "double recovery" of monetary damages as a remedy for the matters alleged in Counts I and II.

[7] SmartPros emphasizes that its acknowledgment of this point of law should not be confused with an acknowledgement of the validity of Plaintiff's copyright in any respect. It is also cognizant that timely registration of a claimant's copyright remains a necessary condition to the recovery of statutory damages or of attorney's fees as provided in 17 U.S.C.A. §412 (entitled "Registration as perquisite to certain remedies for infringement").

copyright ". . . can be forfeited for failure to properly mark publicly distributed copies with the required copyright notice when the work is published anywhere under the authority of the copyright owner." *Id.* at n. 3.  Kammin neglected to cite the court's more important point of law: "[h]owever, a lawsuit for copyright infringement cannot be filed unless plaintiff has a *registered* copyright.  17 U.S.C. §411(a).  This is a jurisdictional requirement which must be satisfied before a federal court can entertain a copyright infringement claim." *Id.* at 1242 (citation omitted).  Thus, the sole existing jurisdictional basis for the lawsuit would disappear upon the Court's entry of the declaratory judgment sought by SmartPros.

Nevertheless, the possibility that Kammin might be able to establish a copyright without a valid registration bears no relation to SmartPros' Count I claim asking the Court to enter a judgment that the registration is invalid.

Finally, as to Counts I and II, Kammin claims that SmartPros did not meet the heightened pleading standards of Rule 9(b) for fraud.  As to Count I, the Court could rule that Kammin's registration is invalid for a number of reasons other than outright fraud and the heightened pleading requirements of Rule 9(b) should not apply.[8]  Count II never even mentions Kammin's defrauding of the Copyright Office.  It alleges quite simply that SmartPros is the author and owner of the work at issue and seeks a declaratory judgment that SmartPros therefore could not have "infringed" Kammin's intellectual property because Kammin possesses no exclusive rights in the work.

---

[8] For example, because Plaintiff "erroneously" submitted a Short Form TX which is supposed to be limited to new works that were not made for hire and are submitted by sole authors.  See SmartPros' Counterclaim, ¶23(c).

Even if the Court accepts Kammin's characterization of Count I and applies the heightened Rule 9(b) pleading standards, the allegations meet the standard. Allegations of fraud must be concrete and particularized enough to provide the defendants with notice and allow them to prepare a defense. *Morton Grove Pharm., Inc. v. Par Pharm. Cos., Inc.*, No. 04 C 7007, 2006 WL 850873, at *4 (N.D. Ill. March 28, 2006); citing *Allen-Bradley Co., Inc. v. Autotech Corp.,* No. 86 C 8514, 1990 WL 16453, at *2 (N.D. Ill. Feb.8, 1990). In the Seventh Circuit, this has been interpreted as the "who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir.1990). Still, "Rule 9(b) must be read in harmony with the relatively liberal pleading standards of Rule 8." *Morton Grove*, 2006 WL 850873 at *4.

SmartPros' Counterclaim contains the requisite allegations: who (Kammin, see ¶¶3, 20, 23), what (the false statements in Kammin's copyright registration application, see ¶¶20, 23), when (on June 22, 2006, see ¶20), where (through the U.S. Copyright Office's filing intake, see ¶20) and how (by a knowing and fraudulent certification, see ¶23). Indeed, those allegations are gratuitous given that courts have found claimants alleging fraud for false representations of originality to the Copyright Office satisfy the pleading requirements of Rule 9(b) by merely attaching the subject applications for copyright registration to the complaint. *O.T. Pickell Builders, Inc. v. Witowski*, No. 96 C 4233, 1998 WL 664949, at *5 (N.D. Ill. Sept. 16, 1998); citing *Michael Anthony Jewelers, Inc. v. Peacock Jewelry, Inc.*, 795 F. Supp. 639, 649 (S.D.N.Y. 1992). Here, SmartPros refers to the registration application in its Counterclaim (see ¶20) and incorporates it by referencing Exhibit B to Kammin's complaint. Again, Kammin's motion to dismiss for failure to plead with specificity is baseless.

### C. Count III of SmartPros' Counterclaim Adequately Alleges Kammin's Tortious Interference with SmartPros' Economic Expectancy

Kammin's final challenge to SmartPros' Counterclaim is that the tortious interference claim is deficient because "SmartPros identifies no third parties who were prevented from entering into a relationship with it, beyond the amorphous term 'customers'. . ." (See P.'s motion, p. 10.) Kammin's position relies on an Illinois case, *Galinski v. Kessler*, 480 N.E.2d 1176, 1180 (1st Dist. 1985), which is not authoritative given the *Cook v. Winfrey*, 141 F.3d 322, 327-328 (7th Cir. 1998) holding. In *Winfrey*, the Seventh Circuit reversed the district court's dismissal of a tortious interference with economic advantage count on Rule 12(b)(6) grounds, ruling that Illinois law <u>did not</u> require the claimant to allege either "a business expectancy with a specific third party" or "action by the interfering party directed towards the party with whom the plaintiff expects to do business". Instead, the claimant's *implied* identification in his complaint of the "media" as a class of third persons with whom he carried a legitimate business expectancy sufficed under federal notice pleading standards because "the Federal Rules do not require that his complaint allege the specific third party or class of third parties with whom he claims to have had a valid business expectancy." *Id*. at 328. This Seventh Circuit holding rejected respondent's contention that the "media" was too "broad and ill-defined" a concept to constitute fair notice under the federal rules as an argument that "strays rather far afield from the minimal requirements of federal notice pleading." *Id*. This Court should follow *Winfrey* and deny Kammin's motion to dismiss Count III.

### III.  KAMMIN'S FED. R. CIV. P. 12(f) MOTION TO STRIKE AFFIRMATIVE DEFENSES NOS. 1, 2, 5-14 IS UNTIMELY

SmartPros filed its Answer, Affirmative Defenses and Counterclaim through the electronic case filing system of the United States District Court for the Northern District of Illinois on June 29, 2007.  Kammin acknowledged receipt of service in a subsequent conversation with counsel for SmartPros in which counsel requested additional time to respond to the Counterclaim.  During a status hearing on July 20, 2007, counsel announced that the parties had agreed to extend the time period <u>by which Kammin was to respond to the Counterclaim</u> and that Kammin would file no later than August 2, 2007.  No agreement was ever made regarding an extension of the time period for filing motions to strike SmartPros' affirmative defenses under Rule 12(f):

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party <u>within 20 days after the service of pleading upon the party</u> or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f) (emphasis added).

Given that SmartPros served its affirmative defenses on June 29, 2007, the twenty-day limitation period for filing a motion to strike expired on July 19, 2007.  Courts regularly deny untimely Rule 12(f) motions.  See *Rivertree Landing LLC v. Murphy*, No. 07 C 105, 2007 WL 1876397, at *1 (N.D. Ill. June 27, 2007); citing *Trull v. Microsoft Corp.,* No. 97 C 2709, 1998 WL 25195, at *1 (N.D. Ill. Jan. 13, 1998); *Circuit Sys., Inc. v. Mescalero Sales, Inc.,* 925 F. Supp. 546 (N.D. Ill. 1996).

Although the parties agreed to an extension of the time period to respond to the Counterclaim, the timing established in Rule 12(f) is independent of the time period for

serving a responsive pleading set forth in Rule 12(a)(2) and (b).[9] Kammin may contend that insofar as Rule 12(g) allows parties to consolidate motions available to them under Rule 12, it is appropriate to bootstrap the extension of time to answer the Counterclaim to the Rule 12(f) motion to strike. Any such argument would be misleading. Under Federal Rule of Civil Procedure Rule 12, parties are permitted to join ". . . any other motions herein provided for <u>and then available to the party</u> . . ." Fed. R. Civ. P. 12(g) (emphasis added). Kammin cannot circumvent the timing mechanism of Rule 12(f) by joining an untimely motion to strike with the timely filed motion to dismiss because it was not "available" to him on August 2, 2007. Accordingly, Kammin's Rule 12(f) motion to strike Smart Pros' affirmative defense nos. 1, 2, 5-14 should be denied.

## IV.    SMARTPROS' AFFIRMATIVE DEFENSE NOS. 3 AND 4 MEET THE PLEADING REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 9

SmartPros has also met its burden under Rule 9(b) of pleading sufficient facts in affirmative defense nos. 3 and 4 to reveal "the bare bones of the fraudulent scheme" in question.[10] *See Tomera v. Galt*, 511 F. 2d 504, 508 (7th Cir. 1975), *overruled* on other grounds *Short v. Belleville Shoe Mfg. Co.*, 908 F.2d 1385 (7th Cir. 1990). SmartPros adopts the arguments made in section II.B. of this Response, *supra*, responding to

---

[9] That a Rule 12(b)(6) motion to dismiss and a Rule 12(f) motion to strike are both provided for in Federal Rule of Civil Procedure 12 is of no moment with respect to the required timing of pleadings. See Fed. R. Civ. P. 12(c) (permitting parties to file motions for judgment on the pleadings "after the pleadings are closed but within such time as not to delay the trial").

[10] Although the subject matter heading of section II.B. of Plaintiff's motion states "SmartPros' Second and Third Affirmative Defense Fail to Meet the Strict Pleading Requirements of Fed. R. Civ. P. 9(b)", the motion to strike actually contends that affirmative defense nos. 3 and 4 fail to plead fraud with particularity.

Kammin's motion to dismiss Counts I and II. Affirmative defense nos. 3 and 4 allege the journalistic elements of "who, what, when, where and how" the fraud was committed.

V. **SMARTPROS' DEFENSES OTHERWISE GIVE KAMMIN FAIR NOTICE OF THE NATURE OF EACH DEFENSE AS REQUIRED BY FEDERAL RULE OF CIVIL PROCEDURE 12(f)**

Each of the subject affirmative defenses, if proven true, would shield SmartPros from the liability Kammin seeks to bring about in the Complaint. "An affirmative defense is generally an admission of the allegations of the complaint, coupled with some additional reason why the defendant should not be held liable." *Venta*, 2001 WL 111235, at *3; citing *Franklin Capital Corp. v. Baker and Taylor Entm't, Inc.*, 99 C 8237, 2000 WL 1222043 at *1 (N.D. Ill. Aug. 22, 2000). SmartPros' affirmative defenses are, admittedly, devoid of superfluous facts but that does not render them deficient for purposes of Rule 8. Each of the defenses provides enough specificity to apprise Kammin of the nature of each defense. *See Venta*, at *2.

Kammin criticisms of SmartPros' affirmative defenses can be divided into two primary categories: (1) the defenses are "minimalist" and "conclusory" and, therefore, legally insufficient—as to nos. 1, 6-14; and (2) the defenses restate denials made in SmartPros' Answer—as to nos. 2, 5, 6 and 12.

A. **Affirmative Defense Nos. 1, 6-14 Meet the Notice Pleading Standard of Federal Rule of Civil Procedure 8**

Kammin's inquisitiveness about the existence of proof and/or the legal basis underlying the affirmative defenses plead by SmarPros belies his assertion that the subject defenses fail to put him on notice of the nature of each defense (see P.'s motion, p. 2, 6). In fact, "generally pleaded defenses have been held sufficient, and invulnerable to a motion to strike, as long as the pleading gives the plaintiff fair notice of the nature of

the defense." *Id.* Affirmative defense no. 1 notifies Kammin that he lacks standing and recitation of the particular facts is not necessary. The same can be said for affirmative defense nos. 6 (Kammin's acquiescence to SmartPros' use of the work), 7 (the "First Amendment of the United States Constitution . . . protects SmartPros' use . . .) and 8-14. Although these defenses are admittedly not well-developed, this case is in its infancy and SmartPros did not have the benefit of discovery when it drafted the affirmative defenses. At this stage of the case, SmartPros receives the "benefit of imagination" and this Court should allow the parties to flesh out these affirmative defenses during discovery. *Sanjuan*, 40 F. 3d at 251. As a result, Kammin's motion to strike should be denied.

> **B.    Affirmative Defense Nos. 2, 5, 6 and 12 Meet the Notice Pleading Standard of Federal Rule of Civil Procedure 8**

The suggestion that each of the subject defenses are restatements of SmartPros' denials of Kammin's allegations is inaccurate. SmartPros' affirmative defense no. 2, for example, states that "Kammin authorized SmartPros to engage in the allegedly infringing conduct." Kammin responds that this defense should be stricken because it ". . . is merely, in so many words, a restatement of the denial of Paragraph 20 contained in the answer." (See P.'s motion, p. 2). In fact, SmartPros' denied Kammin's allegation that it engaged in the "unauthorized sale of the Work with no compensation to Kammin . . ." in paragraph no. 20 of Kammin's complaint. That denial essentially goes to SmartPros' nonfeasance. Affirmative defense no. 2 positively states something else: that Kammin authorized the conduct now complained of. Similar distinctions between the denials made in the answer and the matters alleged in affirmative defense nos. 5, 6, and 12 are readily apparent. These distinctions escape Kammin but shed light on why "many courts in the Northern District of Illinois—cognizant of the liberal pleading rules and the

12

disfavoring of motions to strike—have not stricken affirmative defenses merely because they could be more properly classified as 'denials'." *Venta*, 2001 WL 111235, at *3.

Even if each of the subject defenses were mere denials, "[t]he court should not grant a motion to strike if a defendant mistakenly pleads matters as affirmative defenses that could have been raised by denial." *Id.*; citing *Puritan Fin. Corp. v. Steritek, Inc.*, No. 95 C 2106, 1995 WL 715863, at *1 (N.D. Ill. Dec. 4, 1995). Moreover, "given that it may be difficult to determine whether a particular matter should be plead affirmatively, especially whether it may fall under Rule 8(c)'s catch-all phrase, the pleader is usually given the benefit of the doubt when setting forth a purported affirmative defense." *Id.* at *2; citing *Franklin Capital Corp.*, 2000 WL 1222043, at *1.

In sum, SmartPros disagrees that its affirmative defenses restate denials made in its Answer but it is hardly worth debating. All of the subject defenses are proper under Rule 8(c) in that each states an affirmative legal reason why SmartPros should not be held liable for the allegations set forth in Kammin's Complaint.

## CONCLUSION

For the reasons set forth herein, SmartPros, Ltd. respectfully requests that this Court deny Kammin's motions to strike and dismiss.

                                                              Respectfully submitted,

                                                              SMARTPROS, LTD.

Dated: August 28, 2007                          By:   /s/ Steven L. Baron

Steven P. Mandell (ARDC #6183729)
Steven L. Baron (ARDC #6200868)
Mandell Menkes LLC
333 West Wacker Drive, Suite 300
Chicago, IL  60606
Telephone:  (312) 251-1000
Facsimile:   (312) 251-1010

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney, hereby certifies that I caused a copy of the foregoing *Defendant's Response to Plaintiff's Motion to Strike Every Affirmative Defense Pled and Plaintiff's Motion to Dismiss the Counterclaim* to be served on:

Kenneth J. Ashman
Neal D. Kitterlin
Ashman Law Offices, LLC
55 West Monroe Street, Suite 2650
Chicago, Illinois 60601

via ECF this 28th day of August, 2007

                                                        __s/ Steven L. Baron_____