IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN W. KAMMIN, individually, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 2665 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| SMARTPROS, LTD., a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

John W. Kammin ("Kammin") has sued Smartpros, Ltd. ("Smartpros") for willful infringement of Kammin's copyright in the work entitled, "Preventing Identity Theft – The Thief's Perspective" (the "Work") pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, and New York law. Defendant now moves to transfer the case to the U.S. District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404. For the reasons set forth below, the Court grants the motion.

### Discussion

In relevant part, 28 U.S.C. § 1404 provides: "[f]or the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under this section, transfer of venue is appropriate when: "(1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties and the witnesses and will promote the interest of justice." *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 959 (N.D. Ill. 2000). The moving party has the burden of showing that "the transferee forum is clearly more convenient." *Coffey v. Van Dorn*

*Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

It is undisputed that jurisdiction and venue are proper both here and in the Southern District of New York. Therefore, the Court addresses the last factor, the convenience of the parties and witnesses and the interest of justice.

To evaluate this factor, the Court must examine various private and public interests. *Saunders v. Franklin*, 25 F. Supp. 2d 855, 857 (N.D. Ill. 1998). The private interests concern the litigation's impact on the parties and include: "(1) the plaintiff's choice of forum, (2) the situs of material events, (3) the relative ease of access to sources of proof, (4) the convenience of the parties, and (5) the convenience of the witnesses." *Amoco Oil*, 90 F. Supp. 2d at 960. The public interests concern the litigation's impact on the court system and include "the speed at which the case will proceed to trial, the court's familiarity with the applicable law, the relation of the community to the occurrence at issue, and the desirability of resolving controversies in their locale." *Id.* at 961-62.

### Plaintiff's Choice of Forum & Situs of Material Events

Generally, a plaintiff's choice of forum is given significant weight. *Amoco Oil*, 90 F. Supp. 2d at 960. However, when the forum has little connection to the events underlying the suit, plaintiff's choice becomes only one of many factors the court shall consider. *Id.* at 960-61; *see Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1129 (N.D. Ill. 1989).

Such is the case here. Neither of the parties resides in or near this district. (*See* Compl. ¶¶ 2-3 (alleging that plaintiff is a citizen of the State of New York and defendant is a Delaware corporation with its principal place of business located in the State of New York).) Further, all of the events precipitating the litigation occurred in New York. Plaintiff's copyright

2

infringement claim arose from an interview taped, edited and produced in New York. (Green Decl. ¶¶ 9-11.) The only connection the defendant has to this district is that it is licensed to do business in Illinois and it employs one salesman here who was not involved in the creation, production or distribution of the Work. (*Id.* ¶¶ 3-7.) Because this district is not where either of the parties resides or where the material events occurred, little deference is given to plaintiff's choice of forum. Thus, taken together, the forum choice and situs of material events factors favor transferring the case.

### Relative Ease of Access to Proof

When documents are easily transferable, access to proof is a neutral factor. *Stanley v. Marion*, No. 04 C 514, 2004 WL 1611074, at *3 (N.D. Ill. July 16, 2004). Unless records are "extremely voluminous or otherwise difficult to ship . . . they can be easily transported from one jurisdiction to another." *Rugamboa v. Rungenga*, No. 06 C 1142, 2007 WL 317035, at *2 (N.D. Ill. Jan. 30, 2007).

In this case, neither party argues that a transfer of venue would affect access to proof. Thus, the fact that defendant's relevant records are stored in New York has no impact on the transfer analysis.

### Convenience of the Parties

When determining the convenience of the parties factor, a court should consider the parties' "respective residences and abilities to bear the expense of trial in a particular forum." *Medi USA v. Jobst Inst., Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992). Both parties in this case reside and/or are located in the State of New York. (Compl. ¶¶ 2-3.) Thus, trying this case in New York would be more convenient for and less costly to both parties than trying the case here.

3

*See Clearclad Coatings, Inc., v. Xontal, Ltd.*, No. 98 C 7199, 1999 WL 652030, at *11 (N.D. Ill. Aug. 20, 1999) ("It is axiomatic that litigating outside of one's home forum is always more burdensome than litigating at home.") Accordingly, the convenience of the parties factor favors transfer.

**Convenience of the Witnesses**

In determining whether to transfer venue, the convenience of the witnesses is often the factor given the most weight. *See Westchester Fire Ins. Co. v. Carolina Cas. Ins. Co.*, No. 03 C 4137, 2004 WL 170325, at *3 (N.D. Ill. Jan. 15, 2004). When deciding which venue is more convenient, a court considers the "number of witnesses in each forum; the nature, quality, and importance of the witnesses' testimony with respect to the issues of the case; the expense of transportation and the length of time the witnesses will be absent from their jobs; and whether the witnesses can be compelled to testify." *S.C. Johnson & Son. Inc. v. Buzz Off Insect Shield, LLC*, No. 05 C 1046, 2005 WL 1838512, at *3 (N.D. Ill. July, 28, 2005). The convenience of employee witnesses is given little weight as it assumed that the parties can compel their appearance at trial. *Id.* Accordingly, when determining a motion to transfer venue, the Court must look to the convenience of non-party witnesses. *See Greene Mfg. Co. v. Marquette Tool & Die Co.*, No. 97 C 8857, 1998 WL 395155, at *3 (N.D. Ill. July 9, 1998) ("[T]he convenience of non-party witnesses is often viewed as the most important factor in the transfer analysis.")

In their respective Rule 26(a) disclosures, the parties have identified twelve witnesses, none of whom reside or work in Illinois. (*See* Pl.'s Initial Disclosures 1-2 (identifying four witnesses who live or work in New York and one witness located in Ohio); Def.-Counter-Pl.'s Initial Disclosures 1-3 (identifying seven additional witnesses plus other unidentified persons

4

from Ernst & Young, all but one of whom reside or work in New York).) All but two of the named witnesses are employees of the defendant. (Def.-Counter-Pl.'s Initial Disclosures 1-3.) If the case is litigated in Illinois, the defendant's employee witnesses would incur travel and lodging expenses. (Green Decl. 14.) Nevertheless, the convenience of these employees shall be assigned little weight because the defendant can compel them to testify in either venue. The remaining two witnesses neither work nor reside in either district, thus, regardless of the venue, both will have to travel. So, the determination comes down to the convenience of the non-party witnesses. The defendant submits that several non-party witnesses, who work in Ernst & Young's New York office, witnessed the videotaping of the video and communications between the parties. (Def.-Counter-Pl.'s Initial Disclosures 3.) As it would be more convenient for these non-party witnesses to testify in the district in which they work, this factor favors transfer.

**Speed to Trial**

To assess this factor, the Court turns to the Federal Court Management Statistics. The two most relevant court management statistics to evaluate the speed at which the case will proceed to trial are as follows: "(1) the median months from filing to deposition and (2) the median months from filing to trial." *Amoco Oil*, 90 F. Supp. 2d at 962. The median time from filing to disposition for the twelve-month period ending September 30, 2006 was 6.5 months in this district and 8.3 in the Southern District of New York. *See* Admin. Office of the U.S. Courts, Federal Court Management Statistics (2006), *available at* http://www.uscourts.gov/cgi-bin/cmsd2006.pl. The median time from filing to trial for the twelve-month period ending September 30, 2006, was 26.4 months in this district, and 25.7 months in the Southern District of New York. *See id.* Because this case will proceed at approximately the same pace in either

district, the speed-to-trial factor is neutral.

**Familiarity with Applicable Law**

Copyright infringement is a question of federal law. This Court and the Southern District of New York are equally well equipped to handle this type of case. *See Tensor Group, Inc. v. All Press Parts & Equip., Inc.*, 966 F. Supp. 727, 731 (N.D. Ill. 1997). However, plaintiff also alleges violations of New York Civil Rights Law §§ 50-51 and New York General Business Law § 349 *et seq.* (Compl. ¶¶ 22-24, 25-27.) Judges sitting in the Southern District of New York are likely more familiar with New York state law. *See Q Sales & Leasing, LLC v. Quilt Protection, Inc.*, No. 01 C 1993, 2002 WL 1732418, at *4 (July 26, 2002) (reasoning that a federal court in the Northern District of Illinois is more likely to be familiar with Illinois law than a federal court located in another state). Accordingly, this factor weighs in favor of transfer.

**Desirability of Resolving Cases Where They Arise & Relationship to Community**

Because the plaintiff is a citizen of New York and the material events giving rise to this dispute took place in New York, New York has a substantial interest in the resolution of this case. Further, it is in the public interest to have this dispute decided where it arose and to have the local residents act as jurors for this case. *See McCants v. C.H. Robinson Worldwide, Inc.*, Nos. 06 C 6556 & 06 C 6634, 2007 WL 1650103, at *3 (June 4, 2007). Consequently, this factor weighs in favor of transfer.

Taken together, the private and public factors favor transferring this case to the Southern District of New York. Accordingly, the Court grants defendant's motion to transfer venue.

## CONCLUSION

For the foregoing reasons, the Court grants defendant's motion to transfer venue [13]. The Clerk of the Court is ordered to transfer this case to the U.S. District Court for the Southern District of New York.

**SO ORDERED.**  ENTERED:  *10/09/07*

*/s/ Ronald A. Guzman*
**RONALD A. GUZMAN**
**United States District Judge**