UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN W. KAMMIN, individually, | ) | |
| | ) | |
| Plaintiff / Counterdefendant, | ) | |
| | ) | |
| v. | ) | Case No. 07 CV 2665 |
| | ) | |
| SMARTPROS, LTD., a Delaware corporation, | ) | |
| | ) | |
| Defendant / Counterplaintiff. | ) | |

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

SmartPros, Ltd. ("SmartPros"), by its attorneys, for its answer, affirmative defenses, and Counterclaim, states as follows:

**Introduction**

1. This action concerns SmartPros willful infringement of Kammin's copyright in the work entitled, "Preventing Identity Theft — The Thief's Perspective," in violation of the federal Copyright Act, 17 U.S.C. § 101, *et seq.,* and the common and statutory law of the State of New York.

**ANSWER:** SmartPros admits that Kammin has filed an action for copyright infringement and under the common law and statutory law of the State of New York based upon a work entitled, "Preventing Identity Theft – The Thief's Perspective." SmartPros denies the remaining allegations of Paragraph 1.

**Parties**

2. Kammin is an individual citizen of the State of New York.

**ANSWER:** SmartPros admits the allegations of Paragraph 2.

3. SmartPros is a Delaware corporation licensed to do and doing business in the State of Illinois, with its principle place of business located at 12 SkyLine Drive, Hawthorne, New York 10532.

**ANSWER:** SmartPros admits the allegations of Paragraph 3.

**Jurisdiction and Venue**

4. Jurisdiction is proper before this Court pursuant to 28 U.S.C. §1338, as this case arises under the federal Copyright Act, 17 U.S .C. § § 101, *et seq.,* and pursuant to 28 U.S.C. § 1367 for supplemental jurisdiction. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a), as SmartPros is licensed to do business in Illinois and the venue provision applicable to Copyright claims is coextensive with the scope of personal jurisdiction.

**ANSWER:** SmartPros admits the allegations of Paragraph 4. Notwithstanding, this matter should be transferred to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1404, on the basis of *forum non conveniens*.

**Allegations Common to All Counts**

5. Kammin is an expert in identifying and preventing identity theft. In October, 2005, Kammin recorded a video interview with Jeff Jacobs ("Jacobs"), who is, on information and belief, a producer employed by and agent of SmartPros, entitled "Preventing Identity Theft — The Thief's Perspective" (the "Work"). In the interview, Kammin, a former identity thief who has since reformed and paid his debt to society, shares his unique perspective on how businesses and individuals can better prevent falling prey to identity theft. The video and audio, as well as any written transcription of the substance of the Work, constitute an original work authored by Kammin.

**ANSWER:** SmartPros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 5. SmartPros admits that Jeff Jacobs, a producer employed by SmartPros, conducted a video interview of Kammin and that Kammin shared his perspective on how businesses and individuals can better prevent falling prey to identity theft. SmartPros denies the remaining allegations of Paragraph 5.

6. While not his primary occupation, Kammin does derive financial benefit from sharing his perspective on the topic of identity theft and how it can best be prevented. In the hopes that a one-time broadcast of the interview with Jacobs would lead to future paid engagements, Kammin agreed to allow SmartPros to broadcast the Work on a one-time basis over the Internet. The parties further agreed that this was the sole broadcast, sale, or other use SmartPros would make of the Work.

**ANSWER:** SmartPros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 6. SmartPros denies the remaining allegations of Paragraph 6.

      7. Soon thereafter, Kammin discovered that, despite his agreement with SmartPros, SmartPros was in fact offering copies of the Work for sale via the Internet at http://www.smartpros.com, in the form of two DVDs and a text course featuring all or portions of the Work (item nos. FMN552 and CPAR531). Initially, Kammin attempted to negotiate a licensing agreement whereby Kammin would allow SmartPros to continue selling the Work in exchange for Kammin receiving a portion of the profits from any sale. However, negotiations on such an agreement fell through, culminating with a May 18, 2006 letter from Kammin to SmartPros requesting an accounting of all sales of the courses incorporating the Work and royalties therefrom, and demanding that SmartPros cease and desist in the sale of any portion of the Work in any form. A copy of the May 18, 2006 letter is attached hereto as Exhibit A.

**ANSWER:** SmartPros admits that Kammin requested that he receive a portion of the proceeds of the sale of the "Work" and that SmartPros received a copy of the May 18, 2006 letter attached as Exhibit A to the Complaint. SmartPros denies the remaining allegations of Paragraph 7.

      8. Kammin made one final attempt to reach agreement with SmartPros, but again, the parties could not come to terms. In the intervening time, Kammin registered the Work with the United States Copyright Office on June 22, 2006. A copy of the Certificate of Registration is attached hereto as Exhibit B. Also on June 22, 2006, Kammin sent another letter to SmartPros advising it of his unwillingness to accept SmartPros latest offer, apprising SmartPros of the registration of the Work, and again demanding that SmartPros cease and desist in the sale and distribution of the Work in any form. A copy of the June 22, 2006 letter is attached hereto as Exhibit C. On June 23, 2006, SmartPros president, Jack Fingerhut, acknowledged Kammin's request via e-mail and agreed to comply with Kammin's requests and cease distributing the Work. A copy of the June 23, 2006 e-mail is attached hereto as Exhibit D.

**ANSWER:** SmartPros admits that Kammin attached a copy of a Certificate of Registration to his Complaint as Exhibit B that purportedly shows the "Work" was registered with the United States Copyright Office on June 22, 2006. SmartPros expressly denies the validity of the registration. SmartPros admits that it received the June 22, 2006 letter attached as Exhibit C to the Complaint. SmartPros admits that Jack Fingerhut stated, "We will pull the segment as you

requested" in a June 23, 2006 e-mail. SmartPros denies the remaining allegations of Paragraph 8.

    9. Despite these repeated demands, and despite SmartPros knowledge that Kammin held the copyright to the Work, SmartPros continued to distribute the Work for profit. On January 19, 2007, an investigator hired by Kammin purchased a copy of an online course offered by SmartPros, Ltd. (#CPAR531), featuring portions of the Work. A copy of the web page offering the course for sale and the receipt confirming the purchase is attached hereto as Exhibit E.

**ANSWER:** SmartPros is without information or knowledge sufficient to admit or deny whether the "Work" was distributed after June 23, 2006. SmartPros denies that it knowingly or intentionally distributed the Work after June 23, 2006. SmartPros denies the remaining allegations of the first sentence of Paragraph 9. SmartPros is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of Paragraph 9.

    10. On information and belief, SmartPros has sold additional copies of the Work to other individuals or entities. The number of these sales is currently unknown to Kammin, but will be determined through discovery.

**ANSWER:** SmartPros admits that it has sold copies of the Work but denies that any such sales violate the rights of Kammin. SmartPros is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10.

## COUNT I

**(Copyright Infringement - 17 U.S.C. §501)**

    11. Kammin incorporates paragraphs 1 through 10 of the Complaint as if fully stated herein.

**ANSWER:** SmartPros incorporates its answers to Paragraphs 1 through 10 of the Complaint as if fully stated herein.

    12. Kammin is the sole author of and owner of the copyright in the Work.

**ANSWER:** SmartPros denies the allegations of Paragraph 12.

13. The Work was registered by Kammin with the United States Copyright Office on June 22, 2006.

**ANSWER:** SmartPros is without information or knowledge sufficient to admit or deny the allegations of Paragraph 13 and therefore denies the same. SmartPros admits that Kammin attached a Certificate of Registration to his Complaint as Exhibit B that purportedly shows the "Work" was registered with the United States Copyright Office on June 22, 2006. SmartPros expressly denies the validity of the registration.

14. On January 19, 2007, SmartPros, without the authorization of Kammin, and in violation of Kammin's rights as the owner of the copyright in the Work and his repeated demands that SmartPros cease the reproduction and sale of the Work, sold a copy of the Work for the *$59.98,* constituting a willful infringement of Kammin's copyright. Upon information and belief, SmartPros has made numerous other unauthorized sales of the Work.

**ANSWER:** SmartPros denies the allegations of Paragraph 14.

## COUNT II

### (Breach of Contract)

15. Kammin incorporates paragraphs 1 through 10 of the Complaint as if fully stated herein.

**ANSWER:** SmartPros incorporates its answers to Paragraphs 1 through 10 of the Complaint as if fully stated herein.

16. In October 2005, Kammin and SmartPros entered into an agreement by which Kammin would convey a limited license to SmartPros to broadcast the Work to its subscribers over the internet on a one-time basis. In return, Kammin would benefit from the publicity afforded by the broadcast but retain all future rights in the Work.

**ANSWER:** SmartPros denies the allegations of Paragraph 16.

17. SmartPros subsequently breached the agreement on multiple occasions by offering the Work for sale.

**ANSWER:** SmartPros denies the allegations of Paragraph 17.

5

18. Kammin has performed rightfully under the agreement and is not in breach thereof.

**ANSWER:** SmartPros denies the allegations of Paragraph 18.

## COUNT III

### (Unjust Enrichment)

19. Kammin incorporates paragraphs 1 through 10 of the Complaint as if fully stated herein.

**ANSWER:** SmartPros incorporates its answers to Paragraphs 1 through 10 of the Complaint as if fully stated herein.

20. SmartPros has engaged in unauthorized sale of the Work with no compensation to Kammin, the owner of the Work's copyright. As such, SmartPros has received a benefit from the sale of the Work that rightfully should accrue to Kammin.

**ANSWER:** SmartPros denies the allegations of Paragraph 20.

21. It would be inequitable to allow SmartPros to retain the profits from the sale of the Work.

**ANSWER:** SmartPros denies the allegations of Paragraph 21.

## COUNT IV

### (Violation of New York Civil Rights Law §50-51)

22. Kammin incorporates paragraphs 1 through 10 of the Complaint as if fully stated herein.

**ANSWER:** SmartPros incorporates its answers to Paragraphs 1 through 10 of the Complaint as if fully stated herein.

23. SmartPros, through its unauthorized distribution of the Work, utilized Kammin's name, likeness, and photographic depiction in the course of advertising and/or trade.

**ANSWER:** SmartPros denies the allegations of Paragraph 23.

24. Kammin did not, at any time, consent in writing to the use of his name, likeness, and photographic depiction by SmartPros for any purpose whatsoever.

**ANSWER:**   SmartPros denies the allegation that Kammin did not consent to the use of his name, likeness, and photographic depiction by SmartPros.  SmartPros admits that it currently does not possess a formal written consent from Kammin.

## COUNT V

### (Unfair Business Practices — New York)

25. Kammin incorporates paragraphs 1 through 10 of the Complaint as if fully stated herein.

**ANSWER:**   SmartPros incorporates its answers to Paragraphs 1 through 10 of the Complaint as if fully stated herein.

26. By selling unauthorized copies of the Work without any compensation to Kammin, SmartPros has misappropriated Kammin's skills, expenditures and labors for its own gain.

**ANSWER:**   SmartPros denies the allegations of Paragraph 26.

27. In short, SmartPros has misappropriated any commercial advantage Kammin could have gained from the Work.

**ANSWER:**   SmartPros denies the allegations of Paragraph 27.

## COUNT VI

### (Tortious interference With a Prospective Economic Advantage)

28. Kammin incorporates paragraphs 1 through 10 of the Complaint as if fully stated herein.

**ANSWER:**   SmartPros incorporates its answers to Paragraphs 1 through 10 of the Complaint as if fully stated herein.

29. By selling unauthorized copies of the Work, SmartPros has prevented Kammin from engaging in his own activities to profit from the Work, or from other related activities, such as other works or speaking engagements similar to the Work in their content.

**ANSWER:**   SmartPros denies the allegations of Paragraph 29.

30. These activities of SmartPros constitute an interference with, and injury to, a prospective business relationship between Kammin and potential consumers of the Work or similar works produced or performed by Kammin.

**ANSWER:** SmartPros denies the allegations of Paragraph 30.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, SmartPros alleges the following affirmative defenses:

### First Affirmative Defense

Kammin lacks standing.

### Second Affirmative Defense

Kammin authorized SmartPros to engage in the allegedly infringing conduct.

### Third Affirmative Defense

Kammin engaged in fraud on the United States Copyright Office in that on or about June 22, 2006, the plaintiff intentionally made the false representation in his application for registration No. TXu1-310-196 that he authored and owned the subject work, and his misrepresentation was material in that in its absence registration would not have issued. The work was, among other things, created, directed, financed, and edited by SmartPros.

### Fourth Affirmative Defense

Kammin's claims are barred as they have caused fraud upon the Copyright Office in that Kammin certified that the work resulting in Registration No. TXu1-310-196 had not been published. Kammin admits in Paragraph 6 of the Complaint that Kammin agreed to allow SmartPros to broadcast the Work on the internet.

### Fifth Affirmative Defense

Kammin cannot recover as Kammin has impliedly licensed the use of the work entitled "Preventing Identity Theft: The Thief's Perspective" to SmartPros.

8

### Sixth Affirmative Defense

Kammin cannot recover as Kammin has acquiesced to SmartPros' use of the work entitled "Preventing Identity Theft: The Thief's Perspective."

### Seventh Affirmative Defense

The First Amendment of the United States Constitution and the governing common law protects SmartPros' use of the alleged intellectual property rights.

### Eighth Affirmative Defense

Kammin has unclean hands.

### Ninth Affirmative Defense

The Complaint is barred by the doctrine of laches.

### Tenth Affirmative Defense

Kammin waived his claims.

### Eleventh Affirmative Defense

Kammin is estopped from asserting his claims.

### Twelfth Affirmative Defense

There is no signed transfer to Kammin as required to support his copyright claim.

### Thirteenth Affirmative Defense

SmartPros' alleged conduct constitutes fair use.

### Fourteenth Affirmative Defense

Kammin's claims under the New York Civil Rights Act are barred by the applicable statute of limitations.

WHEREFORE, SmartPros, Ltd. requests that the Court enter judgment in its favor and award it reasonable attorneys' fees and costs and such other relief as may be just.

## COUNTERCLAIM

For its counterclaim against counter-defendant, John W. Kammin ("Kammin"), counter-plaintiff, SmartPros Ltd. ("SmartPros"), states as follows:

### Introduction

1. SmartPros files this counterclaim and asks that the Court enter a declaratory judgment stating that Kammin's copyright registration is invalid or, in the alternative, that SmartPros has not infringed on any of Kammin's alleged intellectual property rights. SmartPros also requests an award of damages arising from Kammin's intentional interference with SmartPros' prospective economic advantage. Finally, SmartPros seeks an award of its fees and costs it incurred in this lawsuit.

### Parties

2. SmartPros is a Delaware corporation with its principle place of business located at 12 Skyline Drive, Hawthorne, New York 10532. SmartPros is in the business of educating accounting and engineering professionals through a variety of online and offline products. Contrary to the Kammin's assertion in Paragraph 6 of his Complaint, SmartPros does not offer products "on a one-time basis over the Internet."

3. Kammin is an individual citizen of the State of New York.

### Background

4. For over twenty five years, Kammin was a professional identity thief. Upon information and belief, Kammin stole millions of dollars from institutions and individuals over the years while operating in various countries and almost every state in the United States. Kammin has been convicted and served a prison sentence exceeding one year for identity theft.

5.      Although Kammin claims to be "retired" from his life of crime, his actions in this matter demonstrate that he has only changed his *modus operandi*. Instead of continuing his string of identity thefts, Kammin now seeks to steal the intellectual property belonging to SmartPros and use this Court and the United States Copyright Office to legitimize his actions.

6.      On September 28, 2005, SmartPros arranged and filmed an interview with John Kammin ("Interview") on September 28, 2005, to be used on two video programs, Financial Management Network ("FMN") and the CPA Report ("CPAR") (FMN and CPA Report are collectively referred to as "Videos"). The Interview lasted 80 minutes and consisted of questions, posed by SmartPros, and answers provided by Kammin. Kammin received consideration for his participation in the Interview in the form of exposure to SmartPros' vast audience of corporations and accounting firms.

7.      At all times, Kammin knew that SmartPros would offer the Interview for sale to its customers. Kammin consented to such dissemination.

8.      Other than being the subject of the Interview, Kammin did not play a role in recording the audio or video of the Interview, nor did he write, direct, edit or produce the footage of the Interview.

9.      Without any direction or assistance from Kammin, SmartPros edited the 80-minute Interview into a 25-minute segment that it placed in both Videos. Both Videos are approximately 120 minutes long and contain four separate unrelated segments. For example, the FMN video contains, in addition to the SmartPros-Kammin Interview, segments titled "Why Finance Costs are Rising and What You Can Do," "Product Counterfeiting: Hazardous to Your Company's Health?" and "Pensions and Benefits: Timely Year-End Advice."

10. Kammin did not participate in any manner in any of the segments contained on the Videos except the Interview.

11. Each of the segments on the Videos, including the segment containing the Interview, contains an introduction that was wholly created, prepared and edited by SmartPros.

12. Each of the segments on the Videos, including the segment containing the Interview, contains graphics and additional video, all of which were wholly created, prepared and edited by SmartPros.

13. Kammin did not participate in any manner in the editing of the Interview, or in the inclusion of any graphics or videos that have been included in the Videos.

14. SmartPros filmed and edited the entire Interview.

15. SmartPros prepared an introduction for the Interview.

16. SmartPros created all of the questions for the Interview.

17. SmartPros created the title for the Interview: "Preventing Identity Theft: The Thief's Perspective."

18. The FMN video containing the Interview was published on SmartPros' website, located at http://www.smartpros.com/education, on or about November 10, 2005. The CPAR video containing the Interview was published on SmartPros' website, located at http://www.smartpros.com/education, on or about December 10, 2005.

19. Kammin objected to SmartPros' offering for sale of the Videos and attempted to extract additional funds from SmartPros by claiming that he never consented to publication.

20. Following publication and offering for sale of the Videos, on or about June 22, 2006, Kammin purportedly filed a Short Form TX application for copyright registration for a work entitled, "Preventing Identity Theft – The Thief's Perspective." A copy of the Certificate

of Registration bearing Registration Number TXu1-310-196 (the "Registration") is attached as Exhibit B to Kammin's complaint.

21. On May 10, 2007, Kammin initiated a complaint in the United States District Court for the Northern District of Illinois alleging, *inter alia*, a claim of copyright infringement.

## COUNT I

**(Declaratory Relief of Non-Infringement Under 28 U.S.C. § 2201)**

22. SmartPros incorporates paragraphs 1 through 21 of its counterclaim as if fully stated herein.

23. The Registration should be declared invalid for at least the following reasons:

   a. Kammin procured the Registration by fraudulently representing to the Copyright Office that he was the author of the work when, in fact, he was not the author of the work and certainly was not the sole author.

   b. Kammin knowingly and fraudulently certified that the work had "no authorized publication."

   c. Kammin erroneously submitted Short Form TX, which is not appropriate unless Kammin is the sole author of the work, the work was not made for hire *and* the work is completely new.

24. Because the Registration was fraudulently obtained, and includes original work owned by SmartPros and not Kammin, it should be canceled.

25. There is an actual case or controversy concerning the validity of Kammin's copyright registration and ownership.

## COUNT II
**(Declaratory Judgment of Non-Infringement)**

26. SmartPros incorporates paragraphs 1 through 21 of its counterclaim as if fully stated herein.

27. An actual and present justiciable controversy requiring declaratory relief now exists between SmartPros and Kammin.

28. SmartPros is the true author and owner of the work entitled "Preventing Identity Theft: The Thief's Perspective."

29. Kammin does not have any exclusive rights to the work entitled "Preventing Identity Theft: The Thief's Perspective."

30. SmartPros has not infringed any of the intellectual property alleged to be held by Kammin.

31. SmartPros' use of the alleged intellectual property rights is fair use, protected by the Copyright Act of 1976, as amended (17 U.S.C. § 501 *et seq.*) and/or is protected by the First Amendment of the United States Constitution.

### COUNT III
**(Tortious Interference With Prospective Economic Advantage)**

32. SmartPros incorporates paragraphs 1 through 31 of its counterclaim as if fully stated herein.

33. SmartPros had a reasonable expectancy of entering into a valid business relationship with customers who were interested in purchasing the Videos.

34. Kammin was aware of SmartPros expectancy.

35. Kammin intentionally and unjustifiably interfered with SmartPros' expectancy by pursuing an illegitimate right in the copyright for the Videos and demanding that SmartPros cease sales activity.

36. SmartPros has suffered damages as a result of Kammin's conduct.

**WHEREFORE**, SmartPros respectfully requests that this Court enter a judgment:

    a. holding that the Registration was obtained by fraud and invalid;

    b. holding that the ideas Kammin expressed in the interview were not copyrightable;

    c. holding that SmartPros has not infringed any of the intellectual property rights alleged to be held by Kammin;

    d. awarding SmartPros damages;

    e. awarding SmartPros the costs and reasonable attorneys' fees it incurred in this action; and

    f. granting such other and further relief, whether legal or equitable, to which SmartPros is entitled.

                          Respectfully Submitted,

                          **SMARTPROS LTD.**

                          By: /s/ Keith E. Allen

Steven P. Mandell (ARDC *#6183729*)
Steven L. Baron *(ARDC #6200868)*
Keith E. Allen *(ARDC #6271854)*
John D. Fitzpatrick *(ARDC #6277475)*
MANDELL MENKES LLC
333 West Wacker Dr., Ste. 300
Chicago, Illinois 60606
Tel: (312) 251-1000

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that I caused the foregoing *Answer, Affirmative Defenses, and Counterclaim* to be served on:

> Kenneth J. Ashman
> Neal D. Kitterlin
> Ashman Law Offices, LLC
> 55 West Monroe Street, Suite 2650
> Chicago, Illinois 60601
> 312-596-1700

via ECF and messenger this 29th day of June, 2007.

/s/ Keith E. Allen

Steven P. Mandell (ARDC *#6183729*)
Steven L. Baron *(ARDC #6200868)*
Keith E. Allen *(ARDC #6271854)*
John D. Fitzpatrick *(ARDC #6277475)*
MANDELL MENKES LLC
333 West Wacker Dr., Ste. 300
Chicago, Illinois  60606
Tel:  (312) 251-1000

164146