UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN W. KAMMIN, individually, | ) | |
| | ) | |
| Plaintiff / Counterdefendant, | ) | |
| | ) | |
| v. | ) | Case No. 07 CV 2665 |
| | ) | |
| SMARTPROS, LTD., a Delaware corporation, | ) | Judge Ronald Guzman |
| | ) | |
| Defendant / Counterplaintiff. | ) | Magistrate Judge Brown |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404(a)**

Defendant, SmartPros, Ltd. ("SmartPros") submits the following memorandum in support of its motion to transfer the above-captioned civil action to the United States District Court for the Southern District of New York.

I.     INTRODUCTION

For reasons that remain unclear, Plaintiff, John W. Kammin ("Kammin"), filed the present lawsuit in the United States District Court for the Northern District of Illinois. Neither the parties nor any of the witnesses reside in or near the District, and all of the events precipitating the litigation occurred in New York. Although Kammin may protest that his choice of the forum is entitled deference, he has no connection to Illinois and his decision to file the action in the forum is of little consequence. The motion to transfer should be granted because the private and public interest factors weigh in favor of litigating this matter in New York.

II.    STATEMENT OF FACTS

Kammin is a citizen of the State of New York. (*See* Comp. ¶2; See Declaration of Allen S. Greene, attached hereto as Exhibit "A", ¶12.) SmartPros is a Delaware corporation with its principle place of business located at 12 Skyline Drive, Hawthorne, New York. (*See* Compl. ¶3;

Exh. A ¶2.)

Kammin alleges that SmartPros willfully infringed his alleged copyright in a work he entitled "Preventing Identity Theft—The Thief's Perspective" in a Certificate of Registration filed with the United States Copyright Office on June 22, 2006. (*See* Compl. at ¶¶1, 8.) Kammin further alleges the work at issue is a single interview he gave to Jeffrey Jacobs. (*See Id.*, ¶5.) Mr. Jacobs resides in Westport, Connecticut and is employed by SmartPros, located in Hawthorne, New York. (*See* Exh. A, ¶12.) The interview took place at the offices of Ernst and Young, located at 5 Times Square, New York, New York on Wednesday, September 28, 2005. (*See* Exh. A, ¶9.)[1] The taping of the announcers on the video, as well as the editing and the production of the program, occurred in the studios of SmartPros, located at 12 Skyline Drive, Hawthorne, New York. (*See* Exh. A, ¶10.) All of the SmartPros employees Kammin communicated with subsequent to the interview either worked or lived in New York. (*See* Exh. A, ¶¶11, 12.)

   III.   LEGAL AUTHORITIES AND BURDEN OF PERSUASION

Congress previously codified the *forum non conveniens* doctrine and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action. *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 127 S.Ct. 1184, 1190-91, 2007 A.M.C. 609 (2007); citing 28 U.S.C. § 1404(a). "For the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Transfer is appropriate when "(1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the

---

[1] Mr. Greene is the Chairman and Chief Executive Officer of SmartPros and has personal knowledge of the facts contained in his declaration. (*See* Exh. A, ¶1.)

2

convenience of the parties and the witnesses as well as the interests of justice." *First Nat. Bank v. El Camino Resources, Ltd.*, 447 F. Supp. 2d 902, 910 (N.D. Ill. 2006). "In passing on a motion for transfer, the district judge must consider the statutory factors in light of all the circumstances of the case. The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir.1986). The party seeking transfer "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Id.* at 219-220.

In determining whether the transfer will advance the parties' convenience and the interests of justice, courts review the private interests of the parties and the public interests of the court. *El Camino Resources*, 447 F. Supp. 2d at 911. Factors to be considered in evaluating the parties' respective private interests include the following: (1) plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease and access to sources of proof; (4) the convenience of the parties; and (5) the convenience of the witnesses. *Id.* at 912. These factors influence the examination of the public interests at hand: (1) the court's familiarity with the applicable law; (2) the speed at which the case will proceed to trial; and (3) the desirability of resolving controversies in their locale." *Id.*

Alternatively, pursuant to 28 U.S.C. § 1406(a) this court may "…if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466 (1962) (28 U.S.C. §1406 "authorize[s] the transfer of [a] cas[e] … whether the court in which it was filed had personal jurisdiction over the defendants or not.")

IV.   APPLICABLE PRIVATE INTEREST FACTORS

    A.   Plaintiff's Choice of Forum: Plaintiff Choice of Forum is Entitled to Little Deference Because Plaintiff Does Not Reside in Illinois

A plaintiff's choice of forum is given substantial weight only when it is the plaintiff's home forum. *Macedo v. Boeing Co.,* 693 F.2d 683, 688 (7th Cir. 1982). Moreover, a plaintiff's freedom to select his or her own forum "has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff...." *Edsall v. CSX Transp., Inc.*, No. 05-CV-903-WDS, 2006 WL 3302679, *2 (S.D. Ill. Nov. 14, 2006); citing *Chicago R.I. & R.P. Co. v. Igoe,* 220 F.2d 299, 303 (7th Cir. 1955). Here, Illinois is not Kammin's home forum. None of the conduct complained of occurred in Illinois. Virtually all of the conduct complained of occurred in New York.

    B.   Situs of Material Events: All of the Material Events Occurred in the State of New York

Intellectual property cases generally focus on the "activities of the alleged infringer, its employees, and its documents; therefore, the location of the infringer's place of business is often the critical and controlling consideration." *Habitat Wallpaper & Blinds, Inc. v. K.T. Scott, Ltd.,* 807 F. Supp. 470, 474 (N.D. Ill.1992); *see GEN 17, Inc. v. Sun Microsystems, Inc.,* 953 F. Supp. 240 (N.D. Ill.1997) (transferring patent infringement case, in part, because majority of defendants' research and development facilities, some of their manufacturing facilities, and their corporate headquarters were in the transferee district). Consistently, in *Images of the World, Inc. v. Cont'l Am. Indus., Inc.*, No. 04 C 7002, 2005 WL 2171193, *6 (N.D. Ill. Aug. 30, 2005), the court found that the "situs of material events" in a copyright infringement case was in California because the alleged illegal duplication of certain materials occurred in California.

Kammin claims that he was interviewed for a production of a program entitled

"Preventing Identity Theft—The Thief's Perspective" (the "Work") and that SmartPros willfully infringed on his copyright of the Work. (*See* Compl., ¶1, 5.) As recited, *supra*, the interview occurred in New York and the taping of the announcers on the video, as well as the editing and the production of the program, were completed in New York. (*See* Exh. A, ¶¶9, 10.)[2]

Likewise, "…in a breach of contract case, the situs is where the business decisions causing the breach occurred...." *Hyatt Corp. v. Pers. Commc'ns Indus. Ass'n,* No. 04 C 4656, 2004 WL 2931288, *3 (N.D. Ill. Dec.15, 2004). All of the "business decisions" made here were made by persons in the State of New York.

Because the situs of material events was in New York, Kammin's choice of forum is entitled to far less deference and this factor weighs conclusively in favor of a transfer.

    C.    <u>Relative Ease and Access to Sources of Proof: Every Source of Potential Evidence Is Found in the State of New York</u>

When documents are easily transferable, access to proof is a neutral factor. *Stanley v. Marion,* No. 04 C 514, 2004 WL 1611074, *3 (N.D. Ill. July 16, 2004); *see Rugamboa v. Rungenga,* No. 06 C 1142, 2007 WL 317035, * 2 (N.D. Ill. Jan. 30, 2007) (location of records has no impact on transfer analysis unless extraordinarily voluminous or otherwise difficult to ship). Generally, with the advances of modern technology, the location of documents is not a significant issue. *CoolSavings.com v. IQ. Commerce Corp.,* 53 F. Supp. 2d 1000, 1006 (N.D. Ill.1999). Still, to the extent that any savings can be achieved by not transferring documents to the State of Illinois when SmartPros' relevant records are stored at its principal place of business in Hawthorne, New York, this factor favors a transfer to New York.

    D.    <u>Convenience of the Parties: Both Parties Are Located in New York</u>

This factor concerns the parties' "respective residences and abilities to bear the expense

---

[2] Mr. Greene is the Chairman and Chief Executive Officer of SmartPros and has personal knowledge of the facts contained in his declaration. (*See* Exh. A, ¶1).

5

of trial in a particular forum." *Medi USA v. Jobst Inst., Inc.,* 791 F. Supp. 208, 210 (N.D. Ill. 1992). SmartPros acknowledges that a "motion to transfer cannot be used simply to shift the one party's inconvenience onto another party" but SmartPros is not seeking to shift its inconvenience onto Kammin because both reside and/or are located in the State of New York. (*See* Exh. A, ¶¶2, 12)[3]; *I.P. Innovation, L.L.C. v. Lexmark Int'l, Inc.,* 289 F. Supp. 2d 952, 955 (N.D. Ill.2003). One commonly encounters case holdings in lawsuits between individuals and corporations in which the corporation is chastised for seeking to impose its choice of forum on an individual plaintiff with fewer financial resources. Those concerns are not present in this matter because it would be less expensive for Kammin to give testimony in the Southern District of New York.

      E.    <u>Convenience of the Witnesses: Nearly All of the Witnesses Reside in the State of New York</u>

"Probably the most important factor is whether another forum would better serve the convenience of witnesses." *H.B. Sherman Mfg. Co. v. Rain Bird Nat. Sales Corp.*, 979 F. Supp. 627, 630 (N.D. Ill. 1997); *quoting The Northwestern Corp. v. Gabriel Mfg., Inc.,* 1996 WL 73622, *5 (N.D. Ill. Feb. 16, 1996) (citation omitted). After the parties identify the key witnesses and provide a summary of their expected testimony, the court should focus on the "nature and quality of the witnesses' testimony with respect to the issues in the case." *H.B. Sherman Mfg. Co.*, 979 F. Supp. at 630; quoting *Vandeveld v. Christoph,* 877 F. Supp. 1160, 1168 (N.D. Ill.1995). If this matter progresses SmartPros presently anticipates that at least seven witnesses will testify in depositions and at trial, and six of them, including Kammin, live or work in the State of New York. (*See* Exh. A, ¶12).[4] The only SmartPros witness living outside of the

---

[3] Indeed, based on the website of Kammin's counsel, it appears that Kammin's current counsel of record maintains an office in New York City.

[4] John Kammin resides in New York City. Jeffrey Jacobs resides in Westport, Connecticut and is employed by SmartPros, working primarily out of Hawthorne, New York. Allen Greene resides in Short Hills, New Jersey and is employed by SmartPros, working primarily out of Hawthorne, New York. Bruce

area immediately surrounding New York is Gary Zeune, an independent booking agent who resides and works in the State of Ohio. (*See* Exh. A, ¶12.) SmartPros cannot identify any witnesses who might reside or work in Illinois at this time and is confident that any such witnesses identified by Kammin would not deliver important testimony in the case.[5]

V. APPLICABLE PUBLIC INTEREST FACTORS

    A. <u>Speed to Trial: Neither District Handles Cases Appreciably Faster Than the Other</u>

The two court management statistics most relevant to evaluating the speed at which the case will proceed at trial are as follows: (1) the median months from filing to disposition; and (2) the median months from filing to trial. *Amoco Oil Co. v. Mobil Oil Corp.,* 90 F. Supp. 2d 958, 962 (N.D. Ill. 2000). For the twelve-month period ending March 31, 2006, the median time interval from filing to disposition in civil cases was 6.1 months in the United States District Court for the Northern District of Illinois and 8.9 months in the United States District Court for the Southern District of New York.[6] However, in cases that progress to trial, the total median time interval is 23.0 months in the Southern District of New York as compared to 25.5 months in the Northern District of Illinois.[7] Thus, it is virtually impossible to differentiate between the proposed transferor and transferee districts in terms of the speed that this case will be disposed of. The court management statistics are inherently rough estimates of the amount of time a given case will consume before resolution and, as between these two district courts, the respective speediness through trial merges at some point. In short, this factor does not appear particularly

---

Connors resides in Cortland Manor, New York and is employed by SmartPros, working primarily out of Hawthorne, New York. Karen Stolzar and Kolby Slocum are both employees of SmartPros and live in the State of New York.

[5] The fact that SmartPros has a single sales representative in Illinois is of no moment because the representative has had nothing to do with the production, sale or distribution of the Work.

[6] *See* Federal Court Management Statistics (2005), *available at* http://www.uscourts.gov/caseload2006-/tables/C05Mar06.pdf.

[7] *See Id*.

7

helpful in the Court's analysis.

        B.    <u>Familiarity with Applicable Law: Judges Sitting in The Southern District of New York Are Likely More Familiar with Certain Legal Issues That Will Arise in the Litigation</u>

Generally, in diversity cases, it is "advantageous to have federal judges try a case who are familiar with the applicable state law." *Coffey,* 796 F.2d at 221. To the extent the Court finds that this case primarily concerns federal copyright law this factor will have a minor impact on the analysis. See generally *Bryant v. ITT Corp.,* 48 F. Supp. 2d 829, 835 (N.D. Ill.1999). However, Kammin alleged state law causes of action in Counts IV and V, respectively violations of "New York Civil Rights Law §§50-51"[8] and "Unfair Business Practices – New York". Judges sitting in the United States District Court for the Southern District of New York are likely familiar with the state law causes of action for alleged violations of individuals' privacy interests (as well as the unidentified New York "unfair business practices" claims) and this factor therefore favors transfer.

        C.    <u>Relationship of Communities: Illinois Residents Have No Discernible Interest In Having This Controversy Litigated In This District</u>

This is not a controversy Illinois residents would be interested in resolving. SmartPros does not, nor has it ever, owned, rented or occupied an office or other commercial space in the State of Illinois. (*See* Exh. A, ¶4.) Over the past two to three years, SmartPros has employed one salesman in Illinois who has worked part-time from his home. (*See* Exh. A, ¶5.) The sole SmartPros salesman living in Illinois was never involved in the creation, production of the Work in any respect. (*See* Exh. A, ¶13.) He was also never involved in any of the communications SmartPros executives exchanged with Kammin regarding the Work and has not sold any copies

---

[8] SmartPros assumes the reference to New York Civil Rights Law §§50-51 is to McKinney's Consolidated Laws of New York, Annotated Civil Rights Law, Chapter 6 of the Consolidated Laws Article 5— § 50 "Right of Privacy" and § 51 "Action for injunction and for damages."

8

of the Work. (*See Id.*)

Thus, because of SmartPros' remote connection to the State of Illinois and the fact that none of the material events giving rise to the litigation occurred in Illinois (as discussed in Section III, B., *supra*), Illinois residents would have little, if any, interest in serving as jurors at trial and the public interest of having local controversies resolved locally would not be achieved. *See Doage v. Bd. of Regents,* 950 F. Supp. 258, 262 (N.D. Ill.1997).

VI.   CONCLUSION

Of the eight factors regularly examined by courts evaluating motions to transfer pursuant to 28 U.S.C. §1404(a), two of the three public factors and four of the five private factors favor transfer. The two factors possibly supporting the denial of transfer, the "plaintiff's choice of forum" and the projected "speed to trial" in the Northern District of Illinois, are of minor importance because Kammin's forum choice appears arbitrary: none of the underlying events occurred in the District and Kammin does not reside here. Hypothetically, if those two factors in combination sufficed to fix a forum, plaintiffs in diversity cases would be able to choose any forum that offered a more expeditious time interval to disposition and the remaining factors would lose meaning. Instead, because the preponderance of the factors militates in favor of transfer, the Northern District of Illinois should transfer the case to the Southern District of New York should be ordered.

                                                          Respectfully submitted,

                                                          SMARTPROS, LTD.

Dated:  June 29, 2007                                     By: /s/ Steven L. Baron


Steven P. Mandell (ARDC #6183729)
Steven Baron (ARDC #6200868)

Keith Allen (ARDC #6271854)
John Fitzpatrick (ARDC #6277475)
**Mandell Menkes LLC**
333 West Wacker Drive, Suite 300
Chicago, IL  60606
Telephone:  (312) 251-1000
Facsimile:   (312) 251-1010


163321