UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN W. KAMMIN, individually, | ) | |
| | ) | |
| Plaintiff / Counterdefendant, | ) | |
| | ) | |
| v. | ) | Case No. 07 CV 2665 |
| | ) | |
| SMARTPROS, LTD., a Delaware corporation, | ) | |
| | ) | |
| Defendant / Counterplaintiff. | ) | |

## DECLARATION OF ALLEN S. GREENE

I, Allen S. Greene, state that I have personal knowledge of the facts contained in this declaration and, if called upon as a witness, would testify as follows:

1.      I reside at 100 Minnisink Road, Short Hills, New Jersey 07078. I am Chairman and Chief Executive Officer of defendant, SmartPros, Ltd. ("SmartPros").

### BACKGROUND

2.      SmartPros is a Delaware corporation with its headquarters and principal place of business located at 12 Skyline Drive, Hawthorne, New York. SmartPros is engaged in the business of providing continuing education programs for professionals that are distributed on videotapes and via the internet.

3.      SmartPros is licensed to do business in Illinois, as it is in all states that require licensing if one employs a sales person or sales tax is collected, even if the company does not maintain a physical presence in the state.

**SMARTPROS' LIMITED TIES TO THE STATE OF ILLINOIS**

4.      SmartPros does not, nor has it ever, owned, rented or occupied an office or other commercial space in the State of Illinois.

5.      Over the past two to three years, SmartPros has employed one salesman in Illinois who has worked from his home.

6.      SmartPros' total sales in 2005 were $10,430,000 and total sales attributed to the Illinois region were $875,000. Of that $875,000, however, SmartPros' field representative made only one sale in Illinois for a total of $11,213. The vast majority of the residual Illinois sales were to Deloitte & Touche, a national accounting firm, whose billing address happened to be in Chicago. A very small percentage of SmartPros' roughly $863,787 in nationwide sales to Deloitte & Touche and others were for goods and services sold to its Illinois professionals. For accounting purposes, all sales made to Deloitte & Touche are bundled in the Illinois region.

7.      Sales for 2006 were similar—with sales totaling $12,460,000. Sales attributed to the Illinois region were $621,067, while the field representative completed one sale totaling $12,219. Again, a very small percentage of the $621,067 were for sales made to Illinois professionals but, for accounting purposes, all sales made to Deloitte & Touche were counted as "Illinois" sales because Deloitte & Touche's billing address happened to be in Illinois.

**SITE OF EVENTS AND LOCATION OF DOCUMENTS/WITNESSES**

8.      Plaintiff, John W. Kammin ("Kammin") claims that he was interviewed

for a production of a show entitled "Preventing Identity Theft-The Thief's Perspective" (the "Work") and that SmartPros willfully infringed on his copyright of the Work.

9.    The taping of the interview with Plaintiff took place at the offices of Ernst & Young, located at 5 Times Square, New York, New York on Wednesday, September 28, 2005.

10.    The taping of the announcers on the video, as well as the editing and the production of the program occurred in the studios of SmartPros, located at 12 Skyline Drive, Hawthorne, New York.

11.    All of the persons involved with Plaintiff in the negotiation of the transaction, as well as the actual taping of the video, are located in the New York area—with one exception, a booking agent, who lives in Ohio.

12.    Key witnesses with regard to the claims of Plaintiff, who would be called by SmartPros in the litigation, are as follows:

    a) John W. Kammin, who resides in New York City;

    b) Jeffrey Jacobs, resides in Westport, Connecticut, and is employed by SmartPros located in Hawthorne, New York;

    c) Allen S. Greene, who resides in Short Hills, New Jersey and is employed by SmartPros located in Hawthorne, New York;

    d) Bruce Connors, who resides in Cortlandt Manor, New York and is employed by SmartPros located in Hawthorne, New York;

    e) Karen Stolzar, who resides in Rye Brook, New York and is employed at

3

SmartPros located in Hawthorne, New York;

    f) Kolby Slocum who resides in Hopewell Junction, New York and is employed at SmartPros located in Hawthorne, New York;

    g) Gary Zeune, an independent booking agent, who resides and works in Ohio;

    h) Unidentified persons from Ernst & Young in New York, New York present on the day of the Kammin interview; and

    i) Jack Fingerhut, who resides in Franklin Lakes, New Jersey and is employed at SmartPros located Hawthorne, New York.

13. The sole SmartPros salesman living in Illinois was never involved in the creation, production of the Work in any respect. He was also never involved in any of the communications SmartPros executives exchanged with Kammin regarding the Work and has not sold any copies of the Work.

14. If this litigation continues in the State of Illinois it would cause tremendous inconvenience and cost to the witnesses expected to testify. Persons traveling to Illinois from New York would be forced to dedicate at least an entire day out of the office, not to mention the transportation and lodging costs that would be incurred.

15. The cost of having the above named witnesses travel and stay in Illinois for depositions and/or ultimately a trial is exorbitant given the amounts in controversy. To date, all of SmartPros' sales of the Work total less than $1,000.

5

16.     To my knowledge, neither Plaintiff nor any third-party witnesses reside in Illinois.

I declare under penalty of perjury under that the foregoing is true and correct.

DATED:  June 28, 2007

ALLEN S. GREENE