UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------------------------------x
JOHN W. KAMMIN, individually,                      )
                                                   )
       Plaintiff,                                 )
                                                   )    Case No.:  07 CV 2665
       v.                                         )
                                                   )    Judge Ronald A. Guzman
SMARTPROS, LTD., a Delaware corporation,           )
                                                   )
       Defendant.                                 )
------------------------------------------------------------x

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO TRANSFER VENUE**

       Plaintiff John W. Kammin ("Kammin" or "Plaintiff"), by and through his attorneys, ASHMAN LAW OFFICES, LLC, respectfully submits this Response to Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a) ("Section 1404(a)"), stating as follows:

       1.      Defendant bears the burden of proving that transfer is necessary. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). In this vein, the Seventh Circuit has emphasized the heavy burden facing such a defendant, stating that the transferee forum must be "clearly" more convenient than the forum of the plaintiff's choice. *Id.* at 219-20. Here, as discussed more fully below, Defendant fails to meet this burden or, at the least, fails to establish anything more than that the motion is premature, for sufficient facts necessary to adjudicate the motion fully have yet to be discovered. Under either reason, Defendant's motion must be denied.

       2.      Defendant's failure to meet its burden stems primarily from two deficiencies. First, Defendant fails to appreciate – much less cite – the differing, broader venue provision for copyright infringement actions over all other actions based on federal statutes, including patent infringement actions. In a typical federal question context, venue over a defendant is permissible only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. §1391.  By contrast, in the copyright context, venue may be laid merely under the third prong above, *i.e.*, anywhere any defendant may be found, without jumping through hoops to establish that venue could not be laid elsewhere.  28 U.S.C. § 1400(a) ("Civil actions . . . relating to copyrights . . . may be instituted in the district in which the defendant . . . resides or may be found.").[1]

        3.      In other words, Congress specifically made the venue provisions for copyright infringement actions significantly more broad and easier to satisfy that in other federal question contexts.  This statutory determination would be usurped and undermined if a defendant could readily apply a typical convenience-factor analysis to transfer venue away from the plaintiff's choice of forum.  Perhaps that is why Plaintiff cited to only one copyright case in its moving papers, *Images of the World, Inc. v. Continental American Indus., Inc.*, 2005 WL 2171193 (N.D. Ill. Aug. 30, 2005) (denying the motion to transfer), but the argument regarding the differing venue provisions under Section 1400(a) and 1404(a) was not raised.  If a plaintiff were to invoke the broad venue provisions of Section 1400(a), such a plaintiff may well find himself in another forum based on a convenience test, a result Congress obviously desired to avoid.  For this reason alone, Defendant's motion should be denied.

---

[1] The copyright venue provision is also significantly more broad than that in the patent context.  Cf., 28 U.S.C. §1400(b) ("Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.").  The residency of a defendant is a more restrictive term than where a defendant can be "found," and requiring a "regular and established place of business" where the infringement took place are requirements not included in the copyright venue context.

4.      The second deficiency from which Defendant's motion suffers is that the private and public interest factors weigh in Plaintiff's favor or, at a minimum, are indeterminate without the benefit of discovery. Each is discussed in turn.

**A.      The Private Interest Factors**

5.      *Plaintiff's Choice of Forum.* Defendant misquotes *Macedo v. Boeing Co.*, 693 F.2d 683, 688 (7th Cir. 1982), in stating that "[a] plaintiff's choice of forum is given substantial weight only when it is the plaintiff's home forum." *Memorandum in Support of Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a)* ("D's Br.") at 4 (emphasis added). In fact, the *Macedo* court held that the ordinarily "strong presumption" in favor of a plaintiff's choice of forum is given "less weight" – not no weight and not equal rate with other factors – if suit is filed in foreign jurisdiction, stating:

> There is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). Courts routinely give less weight to a foreign plaintiff's choice of forum. Citizens or residents deserve somewhat more deference than foreign plaintiffs, but dismissal should not be automatically barred when a plaintiff has filed suit in his home forum. As always, if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court dismissal is proper.

*Macedo*, 693 F.2d at 688 (citations omitted). Here, with Defendant having an office and salesperson located in the Chicago area, litigating in Chicago cannot be deemed "unnecessarily burdensome" such that Plaintiff's choice of forum is overcome.

6.      *Situs of Material Events.* Informal discussions with defense counsel have revealed dozens of sales of the copyrighted works; yet, to-date, there has been no discovery as to where or under what circumstances these sales took place. Defendant's argument that the video at issue was shot and edited in New York is of no moment. Where the video was shot and edited are not material events. What is material is where the infringement took place, and given the Internet

nature of the sales with the video supplied via streaming feed, Defendant overreaches by suggesting that this factor lies in favor of transfer.

       7.    *Relative Ease and Access to Sources of Proof.*  Even Defendant concedes that, with electronic means and modern technology, "the location of documents is not a significant issue." D's Br. at 5. This is hardly the type of strength of persuasion necessary to meet the burden of establishing that transfer is "clearly" necessary.

       8.    *Convenience of the Parties.*  By convenience of the parties, the Court need only examine the convenience to Defendant of litigating in Chicago, as Plaintiff is clearly desirous of the forum. Defendant is a large, publicly traded corporation, with record 2006 revenues of nearly $12.5 million and a record first quarter income of 2007, according to submissions to the SEC and its website. *See* Exhibit A hereto. It is licensed to do business in the State of Illinois, and it employs a salesperson here. The statement of its Chairman and CEO, Allen S. Greene, that it does not rent commercial space in Illinois is misleading because it is incomplete. Does SmartPros reimburse its employee for expenses incurred in connection with his home office and does it take a tax deduction for Illinois expenses incurred? Surely, with its size, an employee working in the Chicago area, and its voluntary licensing to do business here, Chicago would not be a materially inconvenient forum for Plaintiff to litigate.

       9.    *Convenience of the Witnesses.*  Besides Plaintiff, six of the other seven potential witnesses identified by Mr. Greene are employees of Defendant. As such, the analysis as to the convenience of the Chicago forum to these witnesses is the same as that to SmartPros itself, as discussed immediately above. Moreover, three of the six witnesses who are SmartPros employees do not live in New York State and the remaining three do no live in New York City. The only other identified witness resides in Ohio. Thus, other than Defendant's employees (half of whom live out-of-NY state and the other half live out-of-NYC), the only third party witness lives in Ohio. Equally important, none of these witnesses will be inconvenienced in any way during the bulk of the

litigation, as the rules provide that any depositions must take place in the district in which the witness is located. Should this case fall outside of the 90-95% of all civil cases that settle and, instead, go to trial, virtually all of the witnesses will be available as representative of a party. See *Weller v. Calvin Gilmore Productions, Ltd.*, 1995 WL 382471 at * 3 (N.D.Ill. 1995) (Denying defendants motion to transfer and noting that it is presumed that a party's employees will appear voluntarily, rendering amenability to process moot). Thus, even what Defendant claims is its strongest point cannot withstand analysis and surely cannot constitute satisfaction the heavy burden placed on Defendant to justify transfer.

**B.     The Public Interest Factors**

10.     *The Court's Familiarity with Applicable Law.* Surely, this Court is as familiar with federal copyright law as any court in the country. As to the common law claims of breach of contract, unjust enrichment, and tortious interference with prospective economic advantage, Defendant has made no showing that New York law would apply or that any law other than Illinois would apply. Thus, to the extent that New York affords two statutory remedies pled in the Complaint they are more than offset by the potentiality that a New York court would have to adjudicate claims under Illinois law.

11.     *Speed of Docket.* Defendants acknowledge that the Northern District of Illinois ("N.D. Ill.") is faster to disposition by 1.8 months than the Southern District of New York ("S.D.N.Y."), but argue that this fact is counterbalanced by the .7 month quicker-to-trial statistic in the S.D.N.Y. over the N.D. Ill. What Defendant ignores in so arguing, however, is the burden of persuasion that Defendant must meet. A wash on this issue – as with the other ones – means that Defendant's motion fails.

12.     *Illinois Has an Interest in Adjudicating this Case.* Defendant boldly states that its purported minimum contacts with Illinois leaves its "residents" unconcerned about its actions. Quite to the contrary, it takes no great leap of logic to discern that foreign corporations that

register to do business in Illinois ought not engage in copyright infringement, especially not of the willful and deliberate infringement engaged in by Defendant here. Moreover, Defendant is not merely a passive company registered to do business in Illinois – as if it registered merely to be prepared to do so at some point in the future. To the contrary, it actively and on a full-time basis employs a salesperson in Illinois to sell its products to its residents and has made numerous such sales. One might even view as arrogant the notion that Illinois residents could care less about the conduct of those foreign corporations licensed to do business here. At minimum, Defendant has failed to carry this factor.

*       *       *

Thus, of the eight factors typically examined by the Court in adjudicating transfer motions under Section 1404(a), Defendant has carried none by the standard of "clearly" warranting transfer. At most, certain of the factors are a "push," favoring neither Plaintiff nor Defendant substantially. When coupled with the fact that this case is brought under the copyright venue statute, where Congress gave wide latitude to plaintiffs to chose a forum anywhere a defendant may be "found," Defendant has wholly failed to meet its burden. As such, its motion should be denied.

**WHEREFORE,** Plaintiff respectfully requests that this Court issue an Order denying Defendant's motion to transfer venue and provide such other and further relief as this Court deems just and proper.

Dated: Chicago, Illinois
      July 25, 2007              JOHN KAMMIN,


By:    /s/ Kenneth J. Ashman
          One of his Attorneys

Kenneth J. Ashman
Neal D. Kitterlin
ASHMAN LAW OFFICES, LLC
55 West Monroe Street, Suite 2650
Chicago, Illinois 60601
(312) 596-1700 (ph)