UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN W. KAMMIN, individually, | ) | |
| | ) | |
| Plaintiff / Counterdefendant, | ) | |
| | ) | |
| v. | ) | Case No. 07 CV 2665 |
| | ) | |
| SMARTPROS, LTD., a Delaware corporation, | ) | Judge Ronald Guzman |
| | ) | |
| Defendant / Counterplaintiff. | ) | Magistrate Judge Brown |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION
TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404(a)**

**I.    INTRODUCTION**

In his Response, Plaintiff John Kammin ("Kammin") concedes that the parties are citizens of New York. More importantly, he admits that all of the potential witnesses reside outside the State of Illinois. It is hardly surprising that all of the potential witnesses in the case are found outside of Illinois' borders given that every single material event in this case occurred outside of Illinois, all of the evidence is found outside of Illinois, at least one cause of action against SmartPros is brought under New York statutory law, and New York law governs all of Kammin's non-copyright claims. Illinois simply has no relationship to this lawsuit and the Court should therefore transfer the matter to the Southern District of New York.

**II.    ARGUMENT**

**A.    Kammin's Choice of Forum is Inconvenient for the Witnesses and Parties**

The forum that would prove most convenient for the witnesses is commonly cited as the most significant factor in evaluating a motion for transfer of venue. *Adventus Americas Inc. v. Innovative Envt'l Techs., Inc.*, No. 06 CV 3267, 2007 WL 704938, at *8 (N.D. Ill March 5,

2007); see also *Hemstreet v. Scan-Optics, Inc.*, No. 89 C 5937, 1990 WL 36703, at *4 (N.D. Ill. Mar. 9, 1990) (granting defendants' motion to transfer after plaintiff failed to identify a single witness who would find the Northern District of Illinois the more convenient forum). The parties identified twelve witnesses in their respective Rule 26(a) disclosures, none of whom reside or work in Illinois. All but two of them live within commuting distance of the Southern District of New York and at least two additional unidentified witnesses work in Ernst & Young's New York office. In his response, Kammin never provides a reason why Illinois would be a more convenient forum for these out-of-state witnesses.

Kammin fails to provide a single reason why this forum is more convenient for the parties. Kammin is a New York resident.[1] SmartPros's principal place of business is in New York and litigating in Illinois would severally inconvenience it. Eight of the twelve identified witnesses are SmartPros employees who would have to travel to and find accomodations in the Chicago area at some point during the trial of this matter. In addition to the expense of paying for airfare, lodgings, and meals, SmartPros would suffer a loss in productivity while these employees are away from their respective offices. Clearly, it would be more convenient to have these employees working in their own offices and living in their own homes while they wait to testify at trial. Furthermore, SmartPros has the right to be present and participate without great difficulty in all pretrial proceedings. In *Hemstreet*, the court stated that because ". . . the inquiry does not focus on impossibility but on inconvenience . . ." variables such as potential expenses and witnesses' missed work days affect the convenience factor. *Id.*, 1990 WL 36703, at *4. If this Court declines to transfer this case to New York, it would deter SmartPros from attending hearings due to the cost of traveling to Illinois. There is also no point in comparing the nature of

---

[1] The convenience and location of counsel has never been accorded weight in a transfer analysis. Regardless, Kammin's counsel in this litigation maintains a New York office and transferring this case to New York would not force him to find new counsel. *Hemstreet,* 1990 WL 36703, at *4.

the respective witnesses' testimony insofar as none of them reside in Illinois. This "most significant factor" of the witnesses' convenience clearly weighs in favor of transfer.

### B. New York Is the Situs of the Material Events in the Litigation

Intellectual property suits typically focus on the alleged infringing activities of the defendant, and the employees and documents that evidence these activities. *Sitrick v. Dreamworks L.L.C.*, No. 02 C 8403, 2003 WL 21147898, *3 (N.D. Ill. May 14, 2003). Accordingly, the situs of material events is the second most important factor this Court should consider. Here, the situs of material events is New York, where the alleged infringing activities took place, not Illinois.

Kammin claims that it is irrelevant where the video was shot and edited, but this ignores the seminal question in the case: who was the author of the video. (Compl. ¶ 5.) According to the Seventh Circuit, "to qualify as an author, one must supply more than mere direction or ideas. An author is 'the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection.'" *Erikson v. Trinity Theater, Inc.*, 13 F.3d 1061, 1071 (7th Cir. 1994) (citing *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989)). Therefore, if anyone was the "author," it was the SmartPros cameraman or editor who fixed the ideas into a tangible expression: the video. Furthermore, the place where the video was shot and edited are relevant to Kammin's claim that SmartPros violated Kammin's rights under New York's Civil Rights Law (Count IV) and New York's unfair business practices law (Count V). Each of these events took place in New York and, therefore, this factor weighs in favor of transfer.

### C. Plaintiff's Choice of Forum

#### i. *Kammin Admits that his Choice of Forum is entitled to Less Weight*

In his Response, Kammin admits that he is a foreign plaintiff and therefore his choice of forum is not entitled to a strong presumption. (Resp. ¶5.) To minimize this admission, Kammin disingenuously claims that SmartPros "misquote[d] *Macedo v. Boeing Co.*, 693 F.2d 683, 688 (7th [sic] Cir. 1982), in stating '[a] plaintiff's choice of forum is given substantial weight <u>only</u> when it is the plaintiff's home forum.'" (Resp. ¶ 5 (emphasis in original).) First, SmartPros did not quote any language from the *Macedo* opinion. Second, SmartPros' synopsis of the law was accurate. The *Macedo* court held that "[t]here is ordinarily a strong presumption in favor of the plaintiff's choice of forum" but "Courts routinely give less weight to a foreign plaintiff's choice of forum." *Macedo,* at 688. Clearly, SmartPros was correct in stating that courts do not give substantial weight to a foreign plaintiff's choice of forum. Accordingly, this factor weighs in favor of transfer.

#### ii. *The "Unnecessarily Burdensome" Standard is not Applicable Here*

The "unnecessarily burdensome" standard Kammin promotes in his Response is of no moment here because SmartPros seeks a transfer instead of a dismissal under the *forum non conveniens* doctrine. *Macedo*, 693 F.2d at 688 (noting the "unnecessarily burdensome" standard applies when considering a dismissal). Indeed, the Supreme Court explained that by passing 28 U.S.C. § 1404(a), Congress "intended to permit courts to grant transfers upon a lesser showing of inconvenience" than was needed for dismissal under the *forum non conveniens* doctrine. *Norwood v. Kirkpatrick*, 349 U.S. 29, 42 (1955). *See also* 15 Wright, Miller and Cooper, at 392. "This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is

not to be considered, but only that the discretion to be exercised is broader." *Id.*[2]

Even if SmartPros had filed a motion to dismiss and the "unnecessarily burdensome" standard applied, SmartPros has met this standard.  The only connection SmartPros has to Illinois is a part-time Illinois employee who works out of his home.  (*See* Declaration of Allen S. Greene, attached to SmartPros' initial memorandum as Exhibit "A", ¶¶ 4-5.)  This individual has no connection to any of the issues set forth in Kammin's complaint and will not be a witness at trial.  (See Parties' Initial Disclosures Pursuant to Fed. R. Civ. Pro. 26(a), attached hereto as Group Exhibit "B".)  If this case remains in Illinois, SmartPros will have to bring its New York employees here for trial.  SmartPros will also be prejudiced because it cannot compel witnesses outside of its control to appear in Illinois for trial.  This includes the investigator Kammin refers to in Paragraph 9 of his Complaint and several unidentified Ernst & Young employees that witnessed the videotaping of the video and communications between the parties.

This Court, its docket, and any potential jurors will also be unnecessarily burdened because Illinois is not related to this case.  Even the investigator that Kammin alleges purchased a copy of the disputed work resides in New Jersey and presumably made the purchase in New Jersey.  (Exh. B; Compl. ¶ 9.)  This Court and any Illinois citizens called for jury duty would be unfairly and unnecessarily burdened by adjudicating a controversy unrelated to the forum.  Consequently, this factor weighs in favor of transfer.

---

[2] *See also, e.g., Georgouses v. NaTec Res., Inc.,* 963 F. Supp. 728, 730 (N.D. Ill. 1997) ("While plaintiff argues that his choice of forum should be afforded substantial deference, it is 'simply one factor among many to be considered'"); *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 990 (E.D.N.Y. 1991) ("It has been observed, however, that since the result under section 1404(a) is that the action is merely transferred and not dismissed as with a forum non conveniens motion, the plaintiff's choice of forum is not accorded any great significance in the analysis."); *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152 (S.D. Cal. 2005) ("Given that the standard for transfer is more easily met than the standard for dismissal on *forum non conveniens* grounds, it is equally appropriate to give less deference to a foreign plaintiff's forum choice where transfer is sought pursuant to § 1404(a)").

### iii. The Broader Venue Provisions for Copyright Infringement Actions do not make Kammin's Choice of Forum Absolute

Without citation to case law, Kammin disingenuously argues that the broader copyright venue provisions bar courts from transferring copyright or patent actions. (Resp. ¶¶ 2-3.) To the contrary, Congress "intended to permit courts to grant transfers upon a lesser showing of inconvenience" when it enacted § 1404(a). Numerous federal courts have used the convenience test to transfer copyright and patent actions.[3] *Norwood*, 349 U.S. at 42. Accordingly, this Court should disregard Kammin's specious argument.

### D. Relative Ease and Access to Sources of Proof

While the parties agree that document production may not be a significant issue, it is now clear that the location of the witnesses may cause significant prejudice to SmartPros if this Court does not grant this motion. On July 20, 2007, the parties exchanged their initial disclosures pursuant to Fed. R. Civ. Pro. 26(a). (Exh. B.) Except for Kammin's former agent in Ohio and a SmartPros employee in the state of Washington, every witness resides or works in the New York area. If this Court does not transfer this matter, SmartPros will arguably not be able to compel these witnesses to appear at the trial of this matter. For example, the unidentified individuals from Ernst & Young who witnessed the videotaping work in New York. (Exh. B.) If any of

---

[3] *See, e.g., Sassy, Inc. v. Berry,* 406 F. Supp. 2d 874, 876-77 (N.D. Ill. 2005) (Bucklo, J.) (transferring patent claim even though plaintiff was a resident because, *inter alia,* the situs of material events was Florida); *WLD Price Global, Inc. v. Sun Microsystems, Inc.*, No. 03 Civ. 8033 (MGC), 2003 WL 23015849 (S.D.N.Y. Dec. 22, 2003) (transfer of copyright action warranted where center of gravity of litigation was California; copyrighted software program was developed in California by former employees at employer's California headquarters; two of three former employees resided in California; employees registered copyright in California; and any agreement between employees and employer regarding rights to software program took place in California); *AEC One Stop Group, Inc. v. CD Listening Bar, Inc.,* 326 F.Supp.2d 525 (S.D.N.Y. 2004) (transferring Delaware software owner's copyright infringement suit against California defendants because key witnesses were either in California or Florida, owner had offices in California, software was developed in California, and relevant documents were either in California or Florida); *California Innovations, Inc. v. Travelers Club Luggage, Inc.,* No. 05-CV-0540E(Sc), 2006 WL 2864016, *2 (W.D.N.Y. Oct. 4, 2006) (transferring patent action to California "where the design, development, marketing, distributing and cataloging of the allegedly infringing products occur[ed]").

SmartPros's employees leave the company, arguably all but one of them will be subject to the Southern District of New York's subpoena power because they live and/or work in New York. Clearly, the Southern District of New York's ability to force relevant witnesses to testify in front of the jury demonstrates that this factor weighs in favor of transfer.

### E. Familiarity with Applicable Law: New York Law Applies to All Common Law Claims

Kammin also fails to explain how Illinois law could apply when Illinois does not have any significant relationship to Kammin's non-copyright claims. When deciding an issue governed by state law – either when exercising its supplemental jurisdiction under 28 U.S.C. § 1367 or its diversity jurisdiction under 28 U.S.C. § 1332 – a federal court applies the forum state's choice of law rules. *Demitropoulos v. Bank One Milwaukee, N.A.*, 915 F. Supp. 1399, 1413 (N.D. Ill. 1996); *Purizer Corp. v. Battelle Mem'l Inst.*, No. 01 C 6360, 2002 WL 22014, *2 (N.D. Ill. January 7, 2002). Illinois follows the Restatement (Second) of Conflict of Laws in making choice of law decisions. *Chapman & Assocs., Ltd. v. Kitzman*, 739 N.E.2d 1263, 1269 (Ill. 2000). The Restatement uses the "most significant relationship test" to determine the applicable state law. *See Spinozzi v. ITT Sheraton Corp.*, 174 F.3d 842, 844 (7th Cir. 1999) (tort); *Palmer v. Beverly Enters.,* 823 F .2d 1105, 1107 (7th Cir. 1987) (breach of contract); *Chapman & Assocs., Ltd.*, 739 N.E.2d at 1271 (unjust enrichment).

In evaluating a choice of law issue relating to a breach of contract claim, the court must consider the place of contracting; the place of negotiation of the contract; the place of performance; the location of the subject matter of the contract; and the domicil, residence, nationality, place of incorporation, and place of business of the parties. *Restatement (Second) of Conflict of Laws § 188(2) (1971); Purizer*, 2002 WL 22014 at * 3. Other than identifying a single SmartPros employee, who works part-time out of his personal residence, Kammin failed

7

to show a single connection to Illinois. Indeed, the answer to all of these questions is "New York" and New York law would apply to Kammin's breach of contract claim.

Similarly, New York law applies to Kammin's unjust enrichment claim. In evaluating a choice of law issue relating to an unjust enrichment claim, the Court must consider the place where a relationship between the parties was centered, provided that the receipt of enrichment was substantially related to the relationship; the place where the benefit or enrichment was received; the place where the act conferring the benefit or enrichment was done; the domicil, residence, nationality, place of incorporation and place of business of the parties; and the place where a physical thing, such as land or a chattel, which was substantially related to the enrichment, was situated at the time of the enrichment. *Chapman & Assocs., Ltd.*, 739 N.E.2d at 1271. Once again the answer to all of these questions is "New York" and New York law would apply to Kammin's unjust enrichment claim.

Finally, New York law also applies to Kammin's tort claim. In evaluating a choice of law issue relating to a tort claim, the Court must consider the place where the injury occurred; the place where the conduct causing the injury occurred; the domicil, residence, nationality, place of incorporation and place of business of the parties; and the place where the relationship, if any, between the parties is centered. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145 (1971). New York holds all these significant contacts and, therefore, New York law would apply.

In sum, New York law will apply to each of Kammin's non-copyright claims. Judges sitting in the United States District Court for the Southern District of New York are likely more familiar with New York law and, therefore, this factor also favors transfer.

**F.      Illinois has no Legitimate Interest in this Dispute**

Noticeably missing from Kammin's response is a single reason why Illinois has any interest in deciding the relationship between two New York parties that never communicated in Illinois prior to this lawsuit.  Indeed, as stated above, Kammin has not identified a single relevant fact that occurred in Illinois.  Whether Kammin filed his complaint in Illinois to engage in improper forum shopping, to prevent SmartPros from compelling witnesses to testify, or to achieve some other improper purpose, this Court should end Kammin's mischief and transfer this case to its proper forum: the Southern District of New York.

**III.     CONCLUSION**

For the reasons set forth above and in its initial memorandum of law, SmartPros Ltd. respectfully requests that this Court transfer the case to the Southern District of New York.

Respectfully submitted,

SMARTPROS, LTD.

Dated:  August 8, 2007                                                    By:   /Steven L. Baron

Steven P. Mandell (ARDC #6183729)
Steven L. Baron (ARDC #6200868)
Keith E. Allen (ARDC #6271854)
John D. Fitzpatrick (ARDC #6277475)
**Mandell Menkes LLC**
333 West Wacker Drive, Suite 300
Chicago, IL  60606
Telephone:  (312) 251-1000
Facsimile:  (312) 251-1010

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney, hereby certifies that I caused a copy of the foregoing ***Reply Brief In Support of Defendant's Motion to Transfer Venue Pursuant To 28 U.S.C. § 1404(a)*** to be served on:

Kenneth J. Ashman
Neal D. Kitterlin
Ashman Law Offices, LLC
55 West Monroe Street, Suite 2650
Chicago, Illinois 60601


via ECF this 8th day of August, 2007.


                                                   __s/Steven L. Baron_____

163947