UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------------------------------x
JOHN W. KAMMIN, individually,      )
                                   )
            Plaintiff,             )
                                   )   Case No.: 07 CV 2665
      v.                           )
                                   )   Judge Ronald A. Guzman
SMARTPROS, LTD., a Delaware corporation, )
                                   )
            Defendant.             )
------------------------------------------------------------x

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO
STRIKE AFFIRMATIVE DEFENSES AND TO DISMISS COUNTERCLAIMS**

Plaintiff John Kammin ("Kammin"), by and through his attorneys, Ashman Law Offices, llc, respectfully submits this Reply in further support of his motion seeking an order striking the Affirmative Defenses of SmartPros, Inc. ("Smart Pros'") pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(f), and dismissing SmartPros' Counterclaims pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

I.
PRELIMINARY STATEMENT

Defendant stoops low in arguing that the Court permitted Plaintiff to respond to the Counterclaim by August 2, 2007, but did not so provide with respect to the Affirmative Defenses, arguing that a challenge to these Affirmative Defenses is now time-barred.[1] Defendant suggests that the schedule was discussed in open court during a status conference on July 20, 2007; yet, it provides no transcript of the hearing. In fact, it is the recollection of Plaintiff's counsel that a response to the "pleading" was discussed, but, even if not, the use of imprecise language does not negate the intent that a response to the pleading was meant without differentiation of due dates for responding to the

---

[1] *See* Defendant's Response to Plaintiff's Motion to Strike Every Affirmative Defense Pled and Plaintiff's Motion to Dismiss the Counterclaim ("D's Response") at 1, 9.

affirmative defenses and the counterclaims – an absurd inefficiency. Surely, defense counsel never mentioned to the Court or Plaintiff's counsel that Defendant harbored this secret intent.

In fact, equally troubling by Defendant's tactic is that it is the beneficiary of a courtesy to extend time to respond to the Complaint. Defendant's original due date was May 31, 2007, but, upon request, Plaintiff extended Defendant a courtesy by agreeing to permit a response by June 29, 2007, thereby increasing the 20-day time period imposed under the Federal Rules of Civil Procedure to 49 days. Defendant apparently forgot this courtesy in now arguing that it agreed to extend by two weeks only Plaintiff's response to the Counterclaim without mentioning that the agreement did not include – and apparently Defendant now claims that it would not have consented to – an extension of time to respond to the affirmative defenses. *Cf.* Standards for Professional Conduct within the Seventh Federal Judicial Circuit, Lawyers' Duties to Other Counsel ¶ 17 ("We will agree to reasonable request for extensions of time and for waiver of procedural formalities, provided our clients' legitimate rights will not be materially or adversely affected.").

Defendant's argument is bush-league stuff, meritless and petty. It does, however, reveal the true reason for its proffer: Defendant cannot stand up to the arguments raised by Plaintiff in its motion papers, so it resorts to the type of tactics one must use when one has nothing else to offer. For the reasons set forth below (and in Plaintiff's moving papers), Plaintiff's motion to strike the affirmative defenses and dismiss the counterclaims should be granted in full.

## II.
## ARGUMENT

A.  **Affirmative Defenses One and Two, and Five Through Fourteen, are Insufficient Under Rule 12(f) For Failure to Comply With Rule 8(a)**

Defendant creates a false dichotomy by suggesting that "Kammin [sic] criticisms of SmartPros' affirmative defenses can be divided into two primary categories: (1) the defenses are

'minimalist' and 'conclusory' and, therefore, legally insufficient – as to nos. 1, 6-14; and (2) the defenses restate denials made in SmartPros' Answer – as to nos. 2, 5, 6 and 12." D's Response at 11. In fact, if one checks Plaintiff's moving papers, one would see that Plaintiff establishes that *all* of the affirmative defenses for which a Rule 8(a) challenge is brought are "minimalist" and "conclusory" – it is just that those falling in Defendant's second category suffer the additional failings of being duplicative of one another and of denials contained in Defendant's answer.

Plaintiff need not harp on the deficiencies, for Defendant's pleading is simply a bunch of boilerplate affirmative defenses strung together without any facts other than their titles. Unfortunately, Defendant's practice is (all too) common, a fact pointedly noted by Judge Milton S. Shadur when faced by a similar pleading:

> Both the nature and the timing of defendants' responsive pleading invite comparison with the motion picture industry's practice of releasing hoped-for blockbuster movies near the end of the year in the hope that they will be fresher in the minds of the electorate for Oscar candidacy come Academy Awards time – but in this instance the late-in-the-year submission produces precisely the opposite effect, because the filing is instead a prime candidate for the Worst Federal Pleading of the Year award. . . .
>
> Finally, the Answer is followed by a basketful of Affirmative Defenses ("ADs") – no fewer than 20 in number. Almost without exception, that repetitive boilerplate recital of ADs by their labels alone is totally uninformative, even under the comparatively undemanding notice pleading regimen that applies in federal courts. *More explanation, essentially akin to what a plaintiff must set out to state a claim, is needed.* And again defense counsel are expected to take the constraints of Rule 11 seriously. <u>All</u> of the ADs are stricken without prejudice to the possible reassertion of one or more of them in conformance with what has been said here.

*Travelodge Hotels, Inc. v. Sam Hotel Mgmt., Inc.*, No. 00 C 5998, at 1, 3-4 (N.D. Ill. Nov. 29, 2000) (first emphasis added; second emphasis in original) (a copy of this decision is attached hereto as Exhibit A).

Defendant's pleading is similarly – no, identically – deficient, and the affirmative defenses should be stricken for the same reasons expressed by Judge Shadur and in those cases cited in Plaintiff's moving papers.

B.  **SmartPros' Third and Fourth Affirmative Defenses Fail to Meet the Strict Pleading Requirements of Fed. R. Civ. P. 9(b)[2]**

As Judge Shadur (and other jurists have) noted, a defendant must allege facts in an affirmative defense that are "essentially akin to what a plaintiff must set out to state a claim," and where that claim fraud-based, satisfy the heightened pleading standards of Rule 9(b). Defendant does not directly address Plaintiff's arguments that its third and fourth affirmative defenses fail to meet this standard. Instead, Defendant incorporates by reference arguments made earlier in its response pertaining to its fraud-based counterclaims. *See* D's Response at 10.

Defendant's tactic fails to advance its cause. Setting aside the fact that Defendant's counterclaims themselves fail under Rule 9(b) (*see infra* Point II.C.2.), the fraud-based affirmative defenses do not share allegations with the counterclaims, and they are a different animal altogether. The way to analyze whether the affirmative defenses are sufficiently pled is to start with the elements of the claim. As noted in Plaintiff's moving papers, a party alleging fraud on the copyright office, must, at a minimum, "allege that the copyright applicant knowingly failed to disclose certain information to the Copyright Office with the intent to defraud the Copyright Office and that the Copyright Office would have probably denied the copyright application if it had been made aware of the undisclosed information." *O.T. Pickell Builders, Inc. v. Witowski*, 1998 WL 664949 at *5

---

[2]  Plaintiff's moving papers contained a typographical error in the heading of II.B., identifying Affirmative Defenses Two and Three – instead of Three and Four – as being subject to and falling short of the requirements of Rule 9(b). The substance of the argument did not contain the same error, however.

(N.D.Ill., Sep. 16, 1998). It is also "required that a party alleging fraud on the Copyright Office show that it was prejudiced by the alleged fraud." *Id.* at *6.

Here, Defendant has failed to allege facts supporting these elements in its third and fourth affirmative defenses, to say nothing of alleging them with the particularity required under Rule 9(b). Since Defendant did not address directly the arguments in Plaintiff's moving papers, it is not necessary to repeat them here. Suffice it to say that these affirmative defenses must be stricken.

C.      **Counts I and II of Defendant's Counterclaims Must Be Dismissed**

   1.   *Counts I and II of Defendant's Counterclaims Are Redundant Under Rule 12(f)*

Defendant argues strenuously that Counts I and II of its Counterclaims should not be stricken as redundant because they are permissibly plead in the alternative and merely seek the same relief rather than presenting redundant claims. Unfortunately for Defendant, this argument is not persuasive. Even if properly plead in the alternative, Counts I and II of Defendant's Counterclaim still fail on the basis of redundancy, due to the fact that, rather than being inconsistent, they are identical. Contrary to the red herring advanced by Defendant, Plaintiff's motion is based not on the fact that each of Defendant's first two counts seek the same remedy, but that they seek to establish the same facts.

Specifically, Defendant's Count I alleges that Plaintiff's registration is improper based on "the fact that he is not the author of the work" and on some purported technical errors with Plaintiff's registration. It is well-settled law, however, that inadvertent mistakes in registration do not act to invalidate copyright registration. *Billy-Bob Teeth, Inc. v. Novelty, Inc.*, 329 F.3d 586, 591 (7th Cir. 2003) (internal citations omitted). As such, the true claim underlying Count I is that Plaintiff is not the true owner of the copyright in the Work at issue. This claim is identical to that advanced by Defendant in Count II of its Counterclaim – that Plaintiff is not the true owner of the Work, and

that the Work is truly owned by Defendant. This allegation is so central to both Count I and II of Defendant's Counterclaim that the counts are plainly redundant, and should be dismissed as such.

### 2. *Counts I and II of Defendant's Counterclaims Do Not Properly Set Forth Claims for Relief*

Defendant's arguments that it has adequately plead causes of action under Federal Rules 9(b) and 12(b)(6) are similarly unpersuasive. Defendant argues that "the possibility that Kammin might be able to establish a copyright without a valid registration bears no relation to SmartPros Count I claim asking the Court to enter a judgment that the registration is invalid." D's Response at 6. This argument might have some merit if this were the relief Defendant sought – instead, Defendant requests a declaratory judgment that it did not infringe Plaintiff's copyright. In the unlikely event this Court should find that Plaintiff's registration was not proper, Plaintiff could still maintain an action for infringement against Defendant after obtaining a proper registration. Thus, even if all of Defendant's allegations of Count I are found to be true with respect to Plaintiff's registration, Defendant would fail to state a claim for non-infringement. As such, Count I should be dismissed.

Defendant's argument that Rule 9(b) should not apply to Counts I and II of its Counterclaims is simply incorrect. Both Counts are based on the allegation that Defendant is the true owner of the Work, and that Plaintiff has fraudulently claimed otherwise in a registration application to the United States Copyright Office. Further, the fraud allegations of the Counterclaims are contained in Paragraph 20, which is specifically incorporated by reference into Count II of the Complaint – the very count that Defendant argues has no basis in fraud. *Compare* Answer, Affirmative Defenses and Counterclaim ¶ 26 ("SmartPros incorporates paragraphs 1 through 21 of its counterclaim as if fully stated herein."), *with* D's Response at 6 ("Count II never even mentions Kammin's defrauding of the Copyright Office."). Claims of fraud on the U.S. Copyright Office fall

squarely within the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *O.T. Pickell Builders, Inc. v. Witowski*, 1998 WL 664949 at *5 (N.D. Ill., September 16, 1998).

Defendant's reliance on *O.T. Pickell Builders* in arguing that it met the requirements of Rule 9(b) in pleading fraud on the Copyright Office is seriously misplaced. Defendant misstates the holding of the case – rather than standing for the proposition that a party claiming fraud on the Copyright Office must only attach the allegedly fraudulent registration, *O.T. Pickell Builders* sets out three additional requirements: (1) that the failures or omissions are knowing and intentional; (2) that the non-disclosures, if disclosed, would have resulted in the rejection of the application; and (3) that the party alleging fraud was prejudiced by it. *Id.* at *6.

Here, Defendant has failed to meet these three requirements. It does not allege that Plaintiff knowingly and intentionally failed to disclose certain information to the Copyright Office or knowingly and intentionally used the wrong form; it does not allege that the Copyright Office would have rejected the application absent Plaintiff's alleged failures; and it certainly makes no allegation that it was prejudiced by Plaintiff's alleged fraudulent conduct. As such, Defendant has not met the heightened standard of pleading under Rule 9(b), and Count I and II of its Counterclaims should be dismissed.

**D.    Count III of Defendant's Counterclaim Fails to State a Claim for Tortious Interference**

Defendant's argument that it has adequately pled a claim for tortious interference with a prospective economic advantage is inapposite, and, in any event, incorrect. First of all, Defendant's silence as to Plaintiff's argument that it fails to state a claim under New York law should be read as

a concession that this is in fact the case, and, should the Court find that New York law applies, Count III should be dismissed.[3]

While Defendant does advance an argument that it has adequately stated a claim under Illinois law, the argument amounts to little more than a concession. Defendant ignores Illinois' requirement that, in order to state a claim for tortious interference, the defendant must have directed some action constituting interference at a third party, not the plaintiff in the case. *Galinski v. Kessler*, 480 N.E.2d 1176, 1180 (1st Dist. 1985). Instead, Defendant focuses on a Seventh Circuit case, *Cook v. Winfrey*, 141 F.3d 322 (7th Cir. 1998), ruling that the class of third persons with whom the plaintiff has a legitimate business expectancy need not be well-defined. This holding has absolutely no bearing on the fact that Defendant has failed completely to allege a necessary element of a claim for tortious interference – that some action be directed toward a third party.

Defendant argues that *Cook* stands for the proposition that Illinois law does not require either a business expectancy with a specific third party or action by the interfering party toward the third party, and in so doing, misunderstands the Court's decision. In *Cook*, the argument was over whether or not "the media" was a sufficiently defined class of third party at whom the alleged interference was aimed. *Cook*, 141 F.3d at 328. The *Cook* court denies the defendant's motion to dismiss because the plaintiff's complaint gives notice that there is a class of third party with which defendant has interfered. *Id.* Here, Defendant does not allege that Plaintiff interfered with *any* third party – instead, all the actions allegedly performed by Plaintiff were directed at Defendant. As

---

[3] Defendant's decision to cite only Illinois law and not address the issue under New York law is, well, interesting, in light of its argument to this Court urging transfer of this case to New York on the basis that New York law applies – obviously employing arguments of convenience rather than consistency. *See* Reply Brief in Support of Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a) at 7-8 ("New York law will apply to each of Kammin's non-copyright claims."). In his moving papers, Plaintiff has argued that the tortious interference claim fails under *both* New York and Illinois law.

such, Defendant's allegations in Count III of its Counterclaims fail to satisfy even the loose standards of federal notice pleading. The count should be dismissed.

### III.
### CONCLUSION

For all of the above-stated reasons and those contained in Plaintiff's moving papers, Plaintiff respectfully requests that this Court issue an Order striking Defendant's Affirmative Defenses in their entirety, dismissing Defendant's Counterclaim in its entirety, and providing such other and further relief as this Court may deem just and proper.

Dated: Chicago, Illinois
          September 12, 2007                                    JOHN KAMMIN,

Kenneth J. Ashman
Neal D. Kitterlin
ASHMAN LAW OFFICES, LLC                       By:          /s/ Kenneth J. Ashman
55 West Monroe Street, Suite 2650                         One of his Attorneys
Chicago, Illinois 60603
(312) 596-1700 (ph)

## **CERTIFICATE OF SERVICE**

Kenneth J. Ashman, an attorney, hereby certifies that he caused a copy of the foregoing *Plaintiff's Reply in Further Support of His Motion to Strike Affirmative Defenses and to Dismiss Counterclaims* and a Notice of Filing to be served on September 12, 2007, upon the following via electronic filing:

Steven L. Baron, Esq.
Keith E. Allen, Esq.
MANDELL MENKES, LLC
333 West Wacker Drive, Suite 300
Chicago, Illinois 60606

           /s/Kenneth J. Ashman
           Kenneth J. Ashman