IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRAVELODGE HOTELS, INC.,            )
                                    )
               Plaintiff,           )
                                    )
     v.                             )   No.  00 C 5998
                                    )
SAM HOTEL MANAGEMENT, INC., et al., )
                                    )
               Defendants.          )

<u>MEMORANDUM ORDER</u>

Sam Hotel Management, Inc. and Javed Butt have filed their Answer to Complaint and Counterclaims and Demand for Jury Trial in this action in which Travelodge Hotels, Inc. ("Travelodge") charges them with violations of the Lanham Act, as well as advancing certain state law claims. Both the nature and the timing of defendants' responsive pleading invite comparison with the motion picture industry's practice of releasing hoped-for blockbuster movies near the end of the year in the hope that they will be fresher in the minds of the electorate for Oscar candidacy come Academy Awards time--but in this instance the late-in-the-year submission produces precisely the opposite effect, because the filing is instead a prime candidate for the Worst Federal Pleading of the Year award.

There are a number of departures from sound pleading practice that tend to show up with annoying frequency from lawyers who have not bothered to read the Federal Rules of Civil Procedure ("Rules") or to look at the caselaw construing and

applying the Rules. In that respect the current responsive pleading is pretty much a poster child, exhibiting as it does just about all of the most common and least justifiable of those departures.

First, Answer ¶1 sets out--and then Answer ¶¶39, 42, 47, 48 and 52 repeat--the mistaken proposition that "no answer is required" to a complaint's allegation that "calls for a legal conclusion." That runs afoul of not only Rule 8(b) (which requires that <u>all</u> allegations get a response) but also the caselaw from the Supreme Court (see, e.g., <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992)) and of course our own Court of Appeals (<u>Jackson v. Marion County</u>, 66 F.3d 151, 153-54 (7th Cir. 1995)), which specifically recognizes legal conclusions as a perfectly legitimate component of our federal system of notice pleading.[1] All of those paragraphs of the Answer are stricken.

Next the Answer flouts the unambiguous requirements imposed by the second sentence of Rule 8(b) as to the express disclaimers that a responding party must make to become entitled to the benefit of a deemed denial. Nothing satisfying that demanding set of disclaimers (demanding, that is, when a pleader responds in the objective good faith required by Rule 11) appears in

---

[1] After all, is there any more classic example of a legal conclusion than a complaint's essential allegation that the court has subject matter jurisdiction?

2

Answer ¶¶2, 7, 8 and 10-12.  All of those paragraphs are also stricken.

As the next pervasive flaw in the Answer, it is chock full of nonresponsive statements that each of the documents forming the gravamen of Travelodge's claims (referred to in the pleadings as the Franchise Agreement and the Guaranty) "speaks for itself." That vice infects Answer ¶¶14-26, 28, 30-33, 38, 41, 46, 51, 57, 58, 63, 67 and 71.  This Court has been attempting to listen to such written materials for years (in the forlorn hope that one will indeed give voice)--but until some such writing does break its silence, this Court will continue to require pleaders to employ one of the only three alternatives that _are_ permitted by Rule 8(b) in response to all allegations, including those regarding the contents of documents.  No reason appears why defendants here should not respond by admitting any allegation that accurately describes the content of whatever part of a document is referred to.  Each of those Answer paragraphs is stricken as well.

Finally, the Answer is followed by a basketful of Affirmative Defenses ("ADs")--no fewer than 20 in number.  Almost without exception, that repetitive boilerplate recital of ADs by their labels alone is totally uninformative, even under the comparatively undemanding notice pleading regimen that applies in the federal courts.  More explanation, essentially akin to what a

3

plaintiff must set out to state a claim, is needed. And again defense counsel are expected to take the constraints of Rule 11 seriously. All of the ADs are stricken without prejudice to the possible reassertion of one or more of them in conformance with what has been said here.

In summary, it would be counterproductive to limit the striking of the current pleading to the offending paragraphs, for that would create the need to consult more than one document to see defendants' total position. Accordingly the entire pleading is stricken, with leave to file a self-contained amended responsive pleading in this Court's chambers on or before December 8, 2000. In the absence of such timely filing, all of the allegations of the Complaint that correspond to the stricken paragraphs will be deemed admitted.[2]

                                   /s/ Milton I. Shadur
                                   ──────────────────────────────
                                   Milton I. Shadur
                                   Senior United States District Judge

Date:   November 29, 2000

---

[2] No charge is to be made to defendants for the added work and expense incurred in correcting their counsel's errors. Defendants' counsel are ordered to apprise their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).